CENTRAL RAILROAD OF NEW JERSEY *v.* STOERMER.

*(Circuit Court of Appeals, Second Circuit. July 20, 1892.)*

1. PLEADING AND PROOF—ADMISSIONS.
     In an action against a railroad company for personal injuries to plaintiff, an averment in the complaint that one of defendant's trains, at the place where plaintiff was employed, was suddenly started by defendant or its agents, without notice to plaintiff, causing the injuries complained of, was controverted by a general denial, but an averment that defendant was, at the same time and place, "operating a railroad," was expressly admitted; and it appeared in proof that only one railroad was being operated at that time and place. *Held,* that defendant could not be permitted to contend that the railroad was not operated by itself.

2. PERSONAL INJURY—FELLOW SERVANT—NEGLIGENCE.
     While a coal train of defendant railroad company, whose tracks ran over the docks of a coal company, was delivering coal to the latter company, a brakeman of the coal company, engaged in coupling cars of the train, was injured by the negligence of defendant's engineer. *Held,* that such engineer was not a fellow employe of the injured brakeman, he not being under the power and direction of the coal company, engaged exclusively in doing its work or "lent" to it for the occasion. *Ewan* v. *Lippincott,* 47 N. J. Law, 192; *Johnson* v. *Boston,* 118 Mass. 114; *Rourke* v. *White Moss Colliery Co.,* 46 Law J. C. P. 283,—distinguished.

Error to the Circuit Court of the United States for the Southern District of New York.

Action by Paul C. R. Stoermer against the Central Railroad of New Jersey. Judgment for plaintiff. Defendant appeals. Affirmed.

This action was brought by Stoermer, a brakeman in the employ of the Lehigh & Wilkesbarre Coal Company at Bergen point, N. J., to recover damages for personal injuries alleged to have been sustained by

negligence of the Central Railroad of New Jersey. The particular negligence alleged consisted in starting a train of coal cars without notice or warning to the plaintiff, who was at the time engaged in coupling. The usual course of business was that plaintiff, upon a signal from the engineer, should step in between two cars to couple, or uncouple them, and, having done so, should step back and indicate by a signal to the engineer that all was ready. Until such signal was given, the engineer was not to start the train. On this occasion it was claimed that the engineer started the train before the plaintiff gave such signal, and the plaintiff sustained severe injuries in consequence. The road was at the time in the hands of receivers. Plaintiff recovered a verdict in the court below, and a writ of error was duly allowed. The other facts, so far as they are material to the points decided, are sufficiently set forth in the opinion.

*Robert W. De Forest*, for plaintiff in error.

*Leopold Leo*, for defendant in error.

Before LACOMBE and SHIPMAN, Circuit Judges.

LACOMBE, Circuit Judge. Upon the record in this case the plaintiff in error is not entitled to claim that the trial court erred in refusing to direct a verdict in its favor on the ground that there was no proof of negligence on its part because its road was at the time operated by receivers. The second paragaph of the complaint alleged, in substance, that "on April 4, 1887, while plaintiff was employed at Bergen Point, New Jersey, by the Lehigh & Wilkesbarre Coal Company, one of the trains of the defendant, at the point or place where plaintiff was so employed, was suddenly started by defendant or its agents, without notice or warning to the plaintiff, while the plaintiff was lawfully between two cars of said train," causing the injuries complained of. The averments of this paragraph are controverted by the general denial in the answer, and, if there were nothing else in the pleadings, would fairly present an issue whether or not the railroad by whose operation the accident was alleged to be caused was in fact operated by the defendant at the time. But the whole pleadings are to be construed together; and the complaint also averred in its first paragraph "that the defendant was at the time hereinafter mentioned * * * operating a railroad, among other places, at the point or place where the plaintiff was injured." This allegation defendant expressly admitted. It must therefore, for the purposes of the action, be taken as true, (Code Civil Proc. N. Y. § 522; *Dunham* v. *Cudlipp*, 94 N. Y. 129;) and when it appeared, as it did in the proof, that only one railroad was being operated at the time and place of the accident, defendant cannot be permitted to contend that it was not operated by itself, but by some one else. Under these pleadings, plaintiff came into court to sustain by proof the affirmative of no such issue.

It is assigned as error that the trial judge refused to direct a verdict in favor of the defendant on the ground that "the negligence, if there be such, was the negligence of fellow servants." The accident happened upon the dock of the Wilkesbarre Lehigh Coal Company at

Bergen Point, over which run the tracks of the Central Railroad of New Jersey. The negligence which caused the accident was that of Paulman, the engineer. He was selected, appointed engineer, and placed in charge of this engine by the receivers of the plaintiff in error, and received his pay from them. The proof does not sustain the contention of the plaintiff in error that his service had at the time been transferred from the railroad to the coal company. The business he was engaged in was delivering coal from the main line of the railroad company to the coal company upon its dock by the operations of defendant's railroad. This was the business of the railroad company, and he remained its servant, although an agent of the coal company exclusively directed when and whereabouts on the dock the cars should be dumped, what cars should be brought in and taken out. As the defendant in error was exclusively in the employ of the coal company, the engineer was not his fellow servant. The case is to be distinguished from *Ewan* v. *Lippincott*, 47 N. J. Law, 192; *Johnson* v. *Boston*, 118 Mass. 114; *Rourke* v. *White Moss Colliery Co.*, 46 Law J. C. P. 283—by the circumstance that the proof does not show that the engineer was, under the power and direction of the coal company, engaged exclusively in doing its work, or hired by it from his original employers, or "lent" to it to perform its work. The question as to whether plaintiff's own negligence contributed to the accident was properly left to the jury, and their finding is conclusive. Judgment affirmed.