57 505<br>59 36

WALTER B. HARDY, PLAINTIFF IN ERROR, v. THE DELA-
WARE, LACKAWANNA AND WESTERN RAILROAD COM-
PANY, DEFENDANT IN ERROR.

1. The Passaic Rolling Mill was employed by defendant to do the work of erecting a bridge. No price was agreed upon other than that skilled workmen were to be furnished by the rolling mill to do the work, the defendant to pay the rolling mill for their work at a price stated in the contract. The plaintiff, while working on the bridge in the performance of the contract of the rolling mill, was injured by the carelessness of the engineer of the railroad company in running a train of cars over the bridge. *Held,* that it should have been left to the jury to say who the plaintiff's employer was.
2. To constitute the relation of fellow-servants, the service must be not only under the same master, but the employment must be one having a common object.

In error.

Argued at November Term, 1894, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE and VAN SYCKEL.

For the plaintiff in error, *McCarter, Williamson & McCarter.*

For the defendant in error, *Flavel McGee.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The defendant, desiring to erect a bridge over Passaic avenue, in the township of Harrison, made a contract with the Passaic Rolling Mill to furnish the iron that was necessary for the structure, at a specified price, according to the plans and specifications furnished by the defendant.

The rolling mill was also employed by the defendant to do the work of erecting the bridge.

No price was agreed upon other than that skilled workmen were to be furnished by the rolling mill to do the work, the defendant to pay the rolling mill for their work at a price. stated in the contract.

This suit is brought by the plaintiff to recover damages from the railroad company for injury done to him while working on the bridge under this contract, by the alleged carelessness of the engineer of the defendant in running a train of cars over the bridge.

The plaintiff was nonsuited in the trial court, on the ground that he was a fellow-workman with the engineer of the train.

The case of *Ewan* v. *Lippincott*, 18 *Vroom* 192, was relied upon to support that ruling.

In that case the plaintiff and the engineer of the mill-owner were working to a common end.

If the mill-owner had directly employed both, there could have been no doubt that they were fellow-servants.   It made no difference that one was employed through a third person. That case carries the doctrine which bars recovery by a co-servant to its extreme limit.

The case before us can, I think, be distinguished.

The plaintiff was a regular employe of the rolling mill company.   He was paid by that company, and during the progress of the entire work and on the day of the accident he and those working with him were, as they testify, under the control and supervision of an employe of the same company.

It is true that the engineer of the railroad company had general supervision of the work which was to be done by the rolling mill, but, so far as appears, he never assumed or

attempted to exercise the authority of a master over the plaintiff. His inspection related to the results accomplished. The case does not show that he interfered to control the agencies by which those results were attained, or that he undertook to supersede the rolling mill in the position which that company occupied as master. No intimation was given to the plaintiff that the relation of master and servant, which had previously existed between himself and the rolling mill, had ceased to exist.

Mr. Justice Reed, in delivering the opinion in Ewan *v.* Lippincott, says: "The service must be not only under the same master, but the employment must be one having a common object."

He classed the plaintiff in that case with trainmen, trackmen, guards upon bridges and the various servants employed in different departments in keeping a railroad in repair, all rendering their services with the common object of enabling the railroad company to conduct its general business with safety and success. He also referred to the fact that Ewan had talked to Lippincott about the danger of running the mill while he was working, and that the agreement was that the mill was not to be started while he was at work on the wheel.

The law was correctly stated in the citation given, but whether the test was properly applied, and whether the fact of co-service, as found by the court in that case, was correctly deduced from the circumstances there present, it is not material to consider. *Wiggett* v. *Fox,* 11 *Exch.* 832, illustrates the rule, holding that all the workmen engaged in the various branches of work in the erection of a building are fellow-servants, although some of them are employed by sub-contractors.

While the rolling mill was executing the work contracted for, the defendant owed to that company and those employed by it the duty of running its trains with reasonable care.

The question as to who was the employer of the plaintiff should have been left to the jury. There was error in ordering a nonsuit, and, therefore, the judgment should be reversed.