LAUGHLIN v. ATLANTIC CITY R. CO. et al.

(Circuit Court, E. D. Pennsylvania. December 29, 1896.)

JOINDER OF ACTIONS—JOINT NEGLIGENCE—RAILROADS.

An action will lie against two railroad companies jointly for an injury to a passenger in a train of one of them when occasioned by a collision of that train with a train of the other.

T. J. Shoyer, for plaintiff.
David W. Sellers, for defendant West Jersey & S. R. Co.
Gavin W. Hart, for defendant Atlantic City R. Co.

DALLAS, Circuit Judge. The defendant the West Jersey & Seashore Railroad Company demurs to the plaintiff's statement of claim, and assigns for cause "that it does not appear therefrom that there was any joint duty of the defendants to the plaintiff." The statement of claim is as follows:

"The above-named plaintiff, Harry Laughlin, a citizen of the state of Pennsylvania, seeks to recover from the above-named defendants, the Atlantic City Railroad Company and the West Jersey & Seashore Railroad Company, the sum of $25,000 upon the cause of action of which the following is a statement: The above-named defendant the Atlantic City Railroad Company is a corporation of the state of New Jersey, doing business by carrying passengers for hire in cars drawn by locomotives propelled by steam through the state of New Jersey. The West Jersey & Seashore Railroad Company is also a corporation of the state of New Jersey, engaged in the same business and conducted in the same manner, and in said state. That in carrying on their business as aforesaid both of the above-named defendant companies ran and operated trains of cars from Camden to Atlantic City, in the state of New Jersey. It was and became the duty of both of the said defendants, in the operation and conduct of their said trains aforesaid, through their agents and servants, that passengers in their respective trains should suffer no injury in the trains of said defendant companies. That, notwithstanding their duty in this behalf, on the 30th day of July, A. D. 1896, the said defendant companies, through their agents and servants, ran and conducted their trains in a negligent and careless manner, as follows, to wit: On the day and year aforesaid the above-named plaintiff, Harry Laughlin, was lawfully riding on the train operated and controlled by the defendant company the Atlantic City Railroad Company, and rode from Camden to Atlantic City, which was known as the '5:40 Express from Philadelphia.' That when said train arrived, a little before 7 · o'clock, at the 'Meadows,' adjacent to Atlantic City, where the tracks of the West Jersey & Seashore Railroad Company intersect the tracks of the Atlantic City Railroad Company, the train of the said Atlantic City Railroad Company, through its agents and servants, to wit, the engineer, ran into, against, and upon a certain train operated by the West Jersey & Seashore Railroad Company, the other of said defendants. That on the day and year aforesaid, at the place aforesaid, the defendant company, the West Jersey & Seashore Railroad Company, through its agents and servants, ran into and against the train of the Atlantic City Railroad Company, in which this plaintiff was riding. That both of said trains were running at an unlawful rate of speed, and un-

lawfully attempted to cross the tracks of the other defendant company, at the intersection aforesaid, without giving to the other the proper notice and warning, which it was their respective duties to do. That by virtue of the terrific force and violence of said collision this plaintiff was thrown violently against the back of the seat of the car in which he was riding, whereby he suffered injury to his spine and other parts of his body, and has suffered great pain and agony; as a result therefrom has been unable to follow his usual occupation, and has been permanently disabled, and has suffered damages in the sum of $25,000. Wherefore he brings this suit."

The demurrer cannot be sustained. "Where more than one person is concerned in the commission of a wrong, the person wronged has his remedy against all, or any one or more, of them, at his choice." See Webb, Pol. Torts, p. 230, and note, in which the American authorities are cited. The learned counsel of the demurrant has referred to three Pennsylvania cases, which might lend some support to his position, but for the fact that, in a more recent one, in which the material facts are quite analogous to those here presented, the supreme court of that state seems to have entertained no doubt that an action will lie against two companies jointly for injury to a passenger in a car of one of them, when occasioned by a collision of that car with a train of the other of them. Downey v. Railroad, 161 Pa. St. 588, 29 Atl. 126; Colegrove v. Railroad Co., 20 N. Y. 492; The Atlas, 93 U. S. 302–315. The doctrine of Thorogood v. Bryan, 8 C. B. 115, as to the identification of the passenger with his carrier, was long since exploded in England, and has been repeatedly repudiated by our courts.

The demurrer is overruled, with leave to plead in eight days.