## BOSWORTH v. ROGERS.

(Circuit Court of Appeals, Seventh Circuit. November 16, 1897.)

No. 429.

MASTER AND SERVANT—NEGLIGENCE—FELLOW SERVANT—RAILROADS.

A brakeman employed by the St. L. Ry. Co. was killed in a collision between his train and a train of the C. R. Co., through the negligence of whose servants in charge of the latter train the accident occurred. The St. L. Co. was the owner, and the C. Co. the lessee, of the right of way; and they had agreed together for joint use of the tracks, the lessor company to comply with the regulations of the lessee company in reference to operation of trains, and the latter to have general control of the line of railway, and each had agreed to discharge any of its agents or employés for just cause at the demand of the other. *Held*, that the decedent and the employés of the C. Co. were not fellow servants.

In Error to the Circuit Court of the United States for the Southern District of Illinois.

This action was brought by the defendant in error, Anna Rogers, as administratrix of the estate of her husband, Frank Rogers, deceased, to recover pecuniary damages resulting from the death of her husband, alleged to have been caused by the negligence of the servants of the appellant C. H. Bosworth, who was at the time receiver of and engaged in the operation of the railway of the Chicago, Peoria & St. Louis Railway Company (hereinafter termed, for brevity, the "Chicago Company"). The St. Louis & Eastern Railway Company (hereinafter called, for brevity, the "St. Louis Company") operated a railway from the Mississippi river, at or near Venice, in the state of Illinois, to the Indiana state line. The Chicago Company operated a line of railway from the city of Pekin to the city of East St. Louis, and, by agreement between the two companies, the St. Louis Company leased to the Chicago Company, for the term of 99 years, its certain right of way between Peters and Venice, in the state of Illinois. The Chicago Company agreed to construct a line of railway over that right of way, and it was arranged that the two companies should use the line of railway in common, the St. Louis Company agreeing to observe, comply with, and carry out all reasonable rules and regulations which might from time to time be established by the Chicago Company with reference to the operation of trains over the railway so jointly occupied, and that the Chicago Company should have the general control, management, and supervision of the line of railway over such right of way, and the property connected therewith which might be used jointly by the parties, and should have the sole control of, management, use, location, improvements, and repairs of the line of railway, and the supervision of all officers, agents, and employés necessary for such purpose; that the Chicago Company might from time to time establish and enforce such reasonable rules and regulations as it might deem necessary and proper; but it agreed that any of its agents or employés, for just cause, on demand of the St. Louis Company, should be discharged, and the St. Louis Company agreed, for just cause, upon demand of the Chicago Company, to discharge any of its agents and employés employed in reference to such joint use.

About 6 o'clock on the evening of December 18, 1895, a south-bound local freight of the Chicago Company entered the yards of this joint track at Madison, and was backed upon a side track. The engine, having been detached, went upon the main track, and backed to the north end of the yards; then went upon a side track, hauled eight or ten cars upon the main track, detached two or three cars from the south end, and started back north on the main track, to place upon the side track the remaining cars. The night was dark, and it was raining; and no lights or signals were displayed upon the rear end of the engine. A freight train of the St. Louis Company at this juncture approached from the north. As soon as the train was discovered by the crew of the Chicago Company, the engineer started his engine south, and one of the

train crew started north to flag the approaching train, and met it about 12 car lengths from the engine of the Chicago Company, and signaled it to stop; but, before that could be done, the incoming freight collided with the train of the Chicago Company, and Frank Rogers, who was a brakeman on the approaching train, and was in the service of the St. Louis Company, was killed. The contention at the trial was largely with respect to the fact which crew was in fault. The questions sought to be presented by this writ of error are (1) whether Rogers was a fellow servant of the train crew of the Chicago Company; (2) whether the court below erroneously instructed the jury with respect to the subject of damages, which instruction was as follows: "If you should find from the evidence that the defendant is guilty of the negligence charged in the declaration, and that the death of the plaintiff's husband resulted therefrom, while he was in the exercise of ordinary care for his own safety, then the plaintiff is entitled to recover, for her own and her child's benefit, such damages as the jury may believe to be fair and just compensation to them for the pecuniary loss they have sustained in the death of the said Frank Rogers, not exceeding the amount claimed in the declaration, five thousand dollars." There was no exception to the charge, but requests in various forms to instruct the jury that Rogers was a fellow servant of the crew of the Chicago Company were made and refused. There was also an assignment of error that the circuit court erred in overruling the motion for a new trial.

P. B. Warren, for plaintiff in error.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

JENKINS, Circuit Judge (after stating the facts, delivered the opinion of the court). The test of fellow service is a common master and a common service. These must concur. There must be unity of service and control. This principle underlies every ruling upon the subject from the time of Priestley v. Fowler, 3 Mees. & W. 1, and Murray v. Railroad Co., 1 McMull. 384, the pioneer cases upon the subject, and Farwell v. Railroad Corp., 4 Metc. (Mass.) 49 (in which Chief Justice Shaw delivered his masterly exposition of the doctrine of master and servant), down to the latest recorded decision. The exemption of liability on the part of the master for injury occurring to one servant by the negligence of another servant in a common service is only permitted when the master has discharged his obligations to his servant, among which, notably, are: (1) To use reasonable care to furnish a reasonably safe place to work in, having regard to the character of the employment; (2) to use reasonable care to provide safe tools and appliances for the doing of the work; (3) to use proper diligence in the hiring of reasonably safe and competent men to perform their respective duties; (4) in the case of railway employment, to adopt and promulgate proper rules for the conduct of the business. Railroad Co. v. Peterson, 162 U. S. 346–353, 16 Sup. Ct. 843. The servant relying upon the discharge of these duties by the master assumes the risks incident to his service and those arising from the default of a fellow servant in the common service. He has a right to rely upon the discharge by the master of his duty with respect to the employment of competent co-servants, and assumes only the risks of injury arising from the default of a co-servant upon the assumption that the duty of the master has been performed. If that has not been done, and the servant is injured by reason thereof, he may recover of the master for the injury. This is because the master has the control, and is bound to exercise proper diligence to employ only competent and to

discharge an incompetent servant. This duty to the servant continues through the entire service, and furnishes a shield and protection to him, subject to which is his assumption of risk.

In the case in hand there was no common master. The intestate of the defendant in error was in the service of the St. Louis Company. The servants through whose fault the jury found the collision to have occurred were in the service of the plaintiff in error, the receiver of the Chicago Company. The deceased was engaged in the operation of one of the trains of the former company. They who were neglectful and whose neglect caused the death were engaged in the operation of the trains of the receiver of the Chicago Company. There was no common master. The receiver was not bound in duty to Rogers by any obligations of a master, because Rogers was not in his service. It is not correct to say that because the trains of both companies, by agreement between them, were operated over a joint track, under and according to rules and regulations from time to time established by the Chicago Company, therefore the servants of the St. Louis Company in the operation of its trains over the joint track were in the service of the Chicago Company. They were neither operating the trains of the latter company, nor, in any just sense, engaged in its service. It or its receiver had no control over them. It is true the trains were to be operated in accordance with the rules and regulations established by the Chicago Company. That was indispensable to the operation of a joint track; but, in so operating the trains, the servants of the one company did not become the servants of the other company; the trains of the one company did not become the trains of the other company; the servants of the one company did not, for the time being, transfer their allegiance to the other company. They were bound, it is true, to operate the trains according to certain rules and regulations to which their master had agreed; but, in so doing, they discharged their duty to their own master, and not a duty owing by them to the other company. Neither company had control over the servants of the other company. Neither could discharge the servants of the other, and the right of discharge is a sure test of control. It is true that the companies had agreed that, for just cause, either party, upon demand of the other, would discharge any of its servants employed in reference to the joint use of the track; but each for itself had to determine the cause, and whether it would comply with the demand. The stipulation gave no right to one company to discharge the servant of the other, and gave no control whatever over him. He owed service to his own master, and to no other, and could not be controlled or discharged by any other. Nor were these men engaged in a common service. The one set was operating the train of one company; the other set, the train of another company. The service was distinct; none the less so because the two trains, at the time of the injury, were upon the same track. They were engaged in the like service, but not in the same service. They were not working to a common end. They were serving separate masters, and in distinct employments. These views, as we think, are abundantly sanctioned by authority. Warburton v. Railway Co., L. R. 2 Exch. 30; Railroad Co

82 F.—62

v. Stoermer, 1 U. S. App. 276, 2 C. C. A. 360, and 51 Fed. 518; Railroad Co. v. Craft's Adm'x, 29 U. S. App. 687, 16 C. C. A. 175, and 69 Fed. 124; Sawyer v. Railroad Co., 27 Vt. 370; Robertson v. Railroad Co., 160 Mass. 191, 35 N. E. 775; Zeigler v. Railroad Co., 52 Conn. 543; Smith v. Railroad Co., 19 N. Y. 127; Svenson v. Steamship Co., 57 N. Y. 108; Railroad Co. v. Hardy, 57 N. J. Law, 505, 31 Atl. 281, affirmed in court of errors, 58 N. J. Law, 205, 35 Atl. 1130; Railroad Co. v. Armstrong, 49 Pa. St. 186; Philadelphia, W. & B. R. Co. v. State, 58 Md. 372; Railroad Co. v. O'Connor, 119 Ill. 586, 9 N. E. 263; Phillips v. Railway Co., 64 Wis. 475, 25 N. W. 544.

There is a class of cases, of which Rourke v. Colliery Co., 46 Law J. C. P. 283, 1 C. P. Div. 556, Johnson v. City of Boston, 118 Mass. 114, and Ewan v. Lippincott, 47 N. J. Law, 192, are examples, to the effect that one may be in general the servant of one person, but for a special purpose, on a particular occasion, may make himself the servant of another; as where the servant of one is lent, for the time being, to another, to perform some service for that other, remaining, however, under pay from the former. In such case it is held by these decisions that, while performing such service, he is a fellow servant with those in the service of the one for whom he is at the time working, although he be under pay from another. We need not here question the correctness of these decisions, since, as we conceive, they are not pertinent to the case in hand; for, as we have said, Rogers was in no just sense working under employment by, or in the service of, or for the purposes of, the plaintiff in error. The Ewan Case is referred to in the subsequent case of Hardy, in the same court, and is stated to have gone to the extreme, and is not to be considered as infringing upon the general doctrine stated; the Johnson Case was not deemed by the supreme judicial court of Massachusetts in the Robertson Case to impair the general rule; and the Rourke Case was also distinguished upon its facts from the Warburton Case. The case of Clark v. Railroad Co., 92 Ill. 43, does not sustain the contention of the plaintiff in error. That was an action by Clark against his master to recover for injuries sustained through the negligence of the servant of another railroad company, and it was held that the master was not guilty of negligence. We are of opinion that the court rightly ruled that Rogers was not a fellow servant of the train crew in the service of the plaintiff in error.

It is further objected that the jury was instructed to award damages to the full extent of the statute, and that the language employed is susceptible of that construction, within the decision in Railway Co. v. Austin, 69 Ill. 426. We are not at liberty to consider this objection, nor other objection which may be made to the charge with respect to damages for failure to call the attention of the jury to the elements of damage, because no requests in either respect were presented, no exception was taken to the charge, and error is not assigned thereon. The overruling of the motion for a new trial cannot be assigned for error. The judgment will be affirmed.