### ALTEMUS et al. v. TALMADGE.
### No. 5292.

Court of Appeals of the District of Columbia.
Argued Jan. 12, 13, 1932.
Decided April 18, 1932.

J. Miller Kenyon, Bion B. Libby, and John J. Wilson, all of Washington, D. C., for appellant Frank E. Altemus.

William W. Bride and Robert E. Lynch, both of Washington, D. C., for the District of Columbia.

Clarence E. Dawson, George D. Horning, Jr., and R. H. Yeatman, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

GRONER, Associate Justice.

This is an appeal from a judgment entered on the verdict of a jury in favor of the plaintiff in an action for personal injury. (Since the entry of judgment, plaintiff died, and her executor was substituted, but we shall speak of her throughout as appellee.) In her declaration, appellee claimed damages against appellants jointly for injuries sustained on September 21, 1927, as the result of a defective sidewalk jointly maintained on the west side of Fourteenth street in the city of Washington. Appellee, a woman sixty years of age, about 9 o'clock in the evening, was walking south on the west side of Fourteenth street. When she reached a point in front of premises No. 2910 Fourteenth Street Northwest, she stopped to observe a chronometer in the bay window of a store. Thereafter she turned to continue her course southward on Fourteenth street, when, after taking two or three steps, the side of her left foot caught on the edge of a hole in the sidewalk, slipped into it, and she fell with force and was seriously injured.

The storehouse at 2910 Fourteenth street was not built to the lot line, a bay window being approximately eighteen inches back of the line, and the door, in front of which the accident occurred, about four feet nine inches therefrom. The space between the store and the lot line was paved with cement blocks of the same size as the sidewalk blocks. The testimony of appellants' witnesses was that the hole or depression in the pavement was eighteen inches long and twelve inches wide, with a depth of approximately six inches, and sloped towards the curb. The portion on the District property was less than two inches wide and eighteen inches long; the balance of the depression being on the property of appellant Altemus. The store building was occupied by one Philip Sures as tenant of Altemus. Sures observed the hole in the sidewalk as early as May, 1926, and testified that it had increased in size from then until the day of the accident.

At the close of appellee's case in chief, both appellants made unsuccessful motions for directed verdicts. Altemus elected to stand on his motion on the ground, first, that the evidence showed contributory negligence; second, because, his tenant having entire possession and control of the premises, he (Altemus) was not liable; and, third, because of fatal variance between the declaration and the proof, the former alleging joint liability, the latter showing several liability.

On appeal, both appellants assigned the grounds just hereinbefore mentioned (that with relation to the responsibility of the tenant being applicable to Altemus only), and, additionally, that the evidence did not sustain the judgment, and also to the action of the court in admitting evidence of subsequent repairs and also in admitting certain photographs and surveys in evidence. We shall briefly discuss these several points in their order.

Was appellee guilty of contributory negligence? She testified that on many occasions prior to the accident she passed the premises on Fourteenth street at the point where the injury occurred, and from time to time had noticed that the sidewalk was cracked and depressed, but did not know there was a hole, and on the occasion of her injury she was on the way to see a sick friend, and was not paying unusual attention to her surroundings.

As a general rule, a person using a sidewalk known to be defective will be held guilty of contributory negligence if he fails to exercise ordinary care for his own safety. Swart v. District of Columbia, 17 App. D. C. 407. But this does not mean that he assumes the risk of injury from every known defect or danger. Ordinarily a person may use the street as long as it is consistent with reasonable care to do so, and, in such circumstances, it is a question for the jury whether he was negligent in so doing. Here it may not be said that the mere fact that appellant had knowledge of a defect in the street would preclude her right to recover for injury. The question of her contributory negligence, if any, was, in the circumstances mentioned, a question for the jury. See Lincoln v. Power, 151 U. S. 436, 441, 14 S. Ct. 387, 38 L. Ed. 224; Moshcuvel v. District of Columbia, 191 U. S. 247, 24 S. Ct. 57, 48 L. Ed. 170; Dewire v. Bailey, 131 Mass. 169, 41 Am. Rep. 219; Pomfrey v. Village of Saratoga Springs, 104 N. Y. 459, 11 N. E. 43.

The next assignment (confined to the appellant Altemus) is to the point that the tenant and not the owner is liable. In the case at bar the evidence shows that the tenant had been in control of the premises for several years prior to the happening of the accident, and City of Lowell v. Spaulding, 58 Mass. (4 Cush.) 277, 50 Am. Dec. 775, is cited as authority for the position that, where the owner has parted with control to a tenant the tenant, rather than the owner, is responsible for injuries to third persons in the absence of a covenant to repair, and in Security Savings & Commercial Bank v. Sullivan, 49 App. D.

C. 119, we announced substantially the same doctrine. But in the last named case we were careful to distinguish cases in which the owner retains control of a portion of the premises or where he leases different parts of the premises to different tenants with a common use of steps or landings, and likewise cases which involve appurtenances for the use of the general public and all persons connected with or occupying the building, and we said as to the latter the rule would not apply.

In the case under consideration, the defect was in a part of the sidewalk which, though in front of the store leased to the tenant, was for use by the public and people having business in any of appellant's properties. In such circumstances, the measure of responsibility of a tenant having exclusive possession and control does not attach. Here the property adjacent to the city sidewalk and not occupied by the building was by the act of the lot owner paved and connected up with the highway so that the line of separation between the two was destroyed, and this was the equivalent of an invitation to the public to use it all as a street. The fact that it was also essential in the practicable use of the leased premises did not of itself, and without something more, shift the responsibility of maintaining it in good order from the owner to the tenant, and this is true, if for no other reason, because the principle of implied responsibility on the part of the tenant grows out of exclusive possession, and, where that is lacking, the implication falls.

■ But this assignment should be denied on another ground. Law rule 23 in force in Washington abolished the plea of the general issue, and requires every pleading to set forth the true facts upon which the pleader relies. In response to this rule, Altemus filed several pleas in which he admitted maintaining the property where the injury occurred as a sidewalk, and defended on the ground that he had used due and proper care to keep it reasonably safe for travel by pedestrians. This admission, in our opinion, forecloses the right of appellant now to claim that he had no responsibility with relation to the sidewalk at the point in question. To permit a party to plead a certain definite state of facts and then afterwards to deny them to the injury of the party relying on them is contrary to settled principles of law. "Undoubtedly a litigant has no cause for complaint if the court accepts his solemn and sworn admissions in pleadings and testimony as true." Larson, Jr., Co. v. Wm. Wrigley, Jr., Co. (C. C. A.) 253 F. 914, 917; and he has as little right to complain where his opponent, relying upon his sworn pleadings, offers no evidence to controvert the facts alleged therein. In Central Railroad of New Jersey v. Stoermer (C. C. A.) 51 F. 518, the defendant admitted in its pleadings that at the time of the injury alleged it was operating a railroad at the point or place where the plaintiff was injured. In the proof it was shown that the railroad was operated by receivers. The Court of Appeals held that the plaintiff, because of the plea, was not required to prove that the railroad was operated by itself, and for the same reason that defendant could not prove that it was operated by some one else.

Here the plaintiff relied on the admissions in defendant's plea, and has, as a result of the statute of limitations, lost any right he may have had to recover against the tenant. In these circumstances, it would be subversive of all right to permit defendant to change his position.

■ The third point urged is that the declaration charges a joint tort, whereas the proof showed a several tort. Turning to the declaration we find it charges defendants owned, maintained, and controlled certain property used as a sidewalk, which property was, and still is, used as a public highway for pedestrian travel, and it became the duty of defendants to use due and proper care, and that defendants disregarded this duty. The plea filed by the District denied joint ownership, maintenance, or control.

As we noticed in our brief outline of the facts, the hole in the sidewalk was shown by survey to have been partially on the property of Altemus—inside the lot line—and partially on the property of the District—outside the lot line. The building belonging to Altemus and located on the lot having been erected some feet inside the line, the space between the lot line, or street line, and the building was paved to conform to the city sidewalk. Where the line met at a point in front of the door of the store, the concrete had crumbled and worn away and a hole had formed. It was into this hole that appellee fell. The point now being noticed is that, because the evidence failed to show that there was joint ownership or control, there could not be joint judgment and the two defendants could not be joined as tort-feasors; in other words, that in such circumstances each would be liable to the injured party only for so much of the injury as was charged to his separate act.

This principle is invoked upon the theory that the proof showed two separate torts, and this in turn is based upon the theory that,

since the District did not own or maintain the defective sidewalk on the property belonging to Altemus, and because Altemus, on the other hand, did not own or maintain the part of the defective sidewalk on the property of the District, they did not co-operate in the same wrongful act in such way to make them joint wrongdoers, but we think this reasoning is too refined to be sustained. There was but one hole partially on the property of one defendant and partially on the property of the other. Appellee's foot slipped into this hole, and she was thrown and injured. Obviously, if the hole had been entirely on the city property, the city alone would be liable, and, if it had been on the property of Altemus, he alone would respond, but, since it was on the property of both, both owed the duty of exercising due care to prevent injuries to pedestrians using the street with due care, and since, as the jury found, appellee was without fault, it would seem to us to follow that the wrong was the act of both, and this grows out of the obligation of both to perform a duty which each failed to perform, as a result of which the injury occurred. There was but one injury and one cause of action, and since, as the jury found, the negligence of both defendants contributed to the injury, both should be held liable. This is the principle which has been always recognized in the case of a passenger injured by the joint negligence of two railroad companies. In such circumstances the injured person may maintain one action against both. See Laughlin v. Atlantic City R. Co. (C. C.) 80 F. 702. See, also, Washington & G. R. Co. v. Hickey, 166 U. S. 521, 525, 17 S. Ct. 661, 663, 41 L. Ed. 1101, in which the Supreme Court said: "The so-called two negligent acts were in fact united in producing the result, and they made one cause of concurring negligence on the part of both." See, also, Simmons v. Everson, 124 N. Y. 319, 26 N. E. 911, 21 Am. St. Rep. 676. See, also, Johnson v. Chapman, 43 W. Va. 639, 28 S. E. 744, where it was said that when, by reason of the concurring negligence of respective owners to keep their separate walls in repair, the walls of two contiguous buildings fall upon and crush a third, the owner of the third may maintain a joint action against both owners. See, also, 1 Cooley on Torts (3d Ed.) 223, 246, and cases cited; and also 1 Shear. & Red. on Negligence, § 31; Walton, Witten & Graham v. Miller's Adm'x, 109 Va. 210, 63 S. E. 458, 132 Am. St. Rep. 908.

■■ The next assignment is that the court improperly admitted evidence of subsequent repairs. We think the point without merit. Sures, the tenant of the property, who testified for plaintiff, when asked how long the sidewalk remained in the condition he had previously described, replied, two weeks after the survey and then it was fixed; another, Kritz, who testified by deposition, that some seven months after the accident the hole had been filled with sand or dirt of some kind. That this evidence should better not have been offered is clear, for the rule that subsequent repairs or alterations by a defendant of a place or instrumentality is not competent evidence to show a former defective condition is now universal. The reasons for the rule are variously stated, but the fundamental reason is that for reasons of public policy the making of the repairs or alterations after an injury ought not to be construed to be an admission of a previous neglect of duty, and hence proof of such acts should not be admitted because the effect inevitably must be, as the Supreme Court said in Columbia & P. S. R. Co. v. Hawthorne, 144 U. S. 202, 206, 12 S. Ct. 591, 36 L. Ed. 405, to distract the minds of the jury from the real issue and to create a prejudice against defendant. The question here must therefore be examined to determine if the failure of the court below in the mentioned instances to exclude the objectionable testimony had, or might have had, a prejudicial effect. As we noticed, one witness testified of a time six months after the event that the depression "had been fixed"; the other, that it was filled with "sand or dirt." Neither testified who had fixed it or who had caused it to be filled, and what each said in this respect as to its condition was no more than would have been apparent to the jury had they been sent, as is sometimes necessary, to inspect the place. The question has usually arisen in respect of machinery more particularly than place, though, of course, the rule is the same in either, but in either, if it be admitted the place or instrumentality was originally defective, the question whether it was afterwards repaired or changed would ordinarily be of no consequence. In this case some of the witnesses for the city said they observed no hole in the pavement, but this evidence was of a negative character, and gave way to the specific statement of the policeman who reported the injury, and who was defendants' witness, that there was. In view of this, we do not see that the evidence can be said to have been prejudicial. The statement of one witness that it had been fixed and the other that it was filled with sand or dirt was, in the circumstances, innocuous.

Objection and exception were also taken to the action of the court in allowing the jury to examine some photographs which were taken of the premises several months after the accident and to hear the testimony of the city engineer whom the plaintiff called. There was evidence that the condition of the pavement had not changed in the interval. This was sufficient to make the photographs admissible. The surveyor was employed by the city, and testified that he made the survey at the instance of the city, and, though made several months after the accident, if the place continued unchanged, the result would have been the same if made immediately after the accident. The objection of remoteness has not force in these conditions.

Affirmed.