**BOWLES, Price Adm'r, Office of Price Administration, v. S. S. KRESGE CO.**

No. 2318.

District Court, W. D. Missouri, W. D.

Feb. 3, 1945.

Dick F. Bennett, Dist. Enforcement Atty., and Harold D. Thomas, Enforcement Atty., both of Kansas City, Mo., for plaintiff.

Stanley Garrity, of Kansas City, Mo., for defendant.

REEVES, District Judge.

This is an action by the Price Administrator to restrain and enjoin the defendant from selling empty cardboard containers only upon condition that the vendee should purchase other commodities dealt in by the defendant.

The testimony showed that the defendant carried in stock empty cardboard containers, but that, as a prerequisite to the purchase thereof, the purchaser was required to buy other commodities carried in stock by defendant, and that the sale of said cardboard containers could not be consummated except with an agreement by the purchaser to buy such other commodities. Numerous sales were made of empty boxes but in each instance the purchaser was required, as stated, to purchase other

commodities. It was not pretended that the said boxes thus sold were fit containers for other commodities purchased at the same time. The defendant did not controvert the testimony but frankly avowed that, under a rule of the War Production Board, it was unable to acquire for sale at retail empty pasteboard containers of the kind mentioned, except upon assurances to the maufacturer that same would be sold in connection with other commodities. The orders of the War Production Board (Limitation Order L–239 as amended Sept. 13, 1944), placed the following restrictions upon the sale of boxes:

"Section 3305.16 Limitation Order L–239

\* \* \* \* \* \*

"(c) No person shall \* \* \* sell any box which he knows, or has reason to believe, has been, or will be, manufactured in violation of any prohibition or restriction of this order, \* \* \*."

"(h) \* \* \* No person shall knowingly manufacture boxes for sale at retail as empty boxes \* \* \*."

"(m) \* \* \* No person shall manufacture any box to pack a specific item unless it is made \* \* \* (2) no larger than is necessary to pack the product."

Whether, in obtaining empty cardboard containers, the defendant evaded or avoided the rules of the War Production Board is not a question for consideration here. The only question is whether by the "tying agreement" frankly acknowledged, the Maximum Price Regulations of the Price Administrator were violated. It is the law that any article or commodity regulated by the Price Administrator cannot be sold by a "tying agreement." It was so held in United States v. Armour & Co. of Delaware, D. C., 50 F.Supp. 347, in Brown, Administrator, v. Banana Distributors of Connecticut, Inc., et al., D.C., 52 F.Supp. 804. In both of the cases cited, the article sold had by an established regulation a ceiling price. The one was butter, the other was bananas. The vendors in each case sought to avoid the maximum price by a tying agreement, that is, by requiring the purchaser to buy other articles carried by the defendants.

I am unable to find where empty pasteboard containers are regulated by the Price Administrator. In order to make a case it is necessary for the Administrator to allege compulsion to purchase other commodity with the regulated commodity, as was done in the two cases cited. In the case at bar, the purchaser was not compelled to buy another article with a regulated commodity. The Administrator would not have occasion to regulate the sale of empty boxes for the reason that the War Production Board forbids the manufacture and sale of empty paperboard boxes.

So far as the Price Administrator is concerned, he would not be able to interfere by an injunction with tying agreements that do not in any way relate to commodities regulated by him.

The only question presently for decision is whether a temporary injunction should be granted. Quite clearly it should not. Moreover, it is doubtful if the complaint is sufficient or whether it could be made sufficient in view of the facts. However, the defendant has answered, and the cause will be continued for trial on the merits. It would seem, however, that the Administrator should dismiss the action.