DANIEL W. FLEETHAM *vs.* WINTER HILL LIQUOR STORE, INC.; ADMINISTRATOR OF THE OFFICE OF PRICE ADMINISTRATION, intervener.

Middlesex.   November 7, 1945. — January 7, 1946.

Present: FIELD, C.J., LUMMUS, RONAN, & SPALDING, JJ.

*Price Control. Practice, Civil,* Parties. *Sale,* Parties. *Words,* "Person who buys."

One, who purchased a bottle of whiskey for himself and three others, was reimbursed by them for their shares of the purchase price, and disclosed such facts to the seller at the time of the sale, was "the person who buys" within § 205 (e) of the Federal emergency price control act of 1942 and was entitled, without joining the other three persons as plaintiffs, to maintain an action under that statute against the seller grounded on an overcharge in such sale.

CONTRACT OR TORT.   Writ in the District Court of Lowell dated February 1, 1944.

The action was heard by *Walsh, J.*

*R. A. Shea,* for the defendant.

*W. B. Sleigh, Jr.,* for the intervener.

SPALDING, J.   This action was begun in a District Court under the provisions of § 205 (e) of the emergency price control act of 1942 (Act of January 30, 1942, 56 U. S. Sts. at Large, 23, 34), [1] to recover for overcharges by the defendant in the sale on two occasions of a bottle of whiskey to the plaintiff.   See *Glover* v. *Mitchell, ante,* 1.   *Schaffer* v. *Leimberg,* 318 Mass. 396.   The declaration contained two counts, one alleging a sale on December 4, 1943, and the other a sale on December 24, 1943.   The judge, after finding the facts, found for the plaintiff on each count in the sum of $50 and awarded him an attorney's fee of $25;   he

---

[1] This section was substantially amended by § 108 (b) of the stabilization extension act of 1944, 58 U. S. Sts. at Large, 632, 640, but the amendment by its terms was made applicable, in so far as it related to actions by buyers (such as the instant case), "only with respect to violations occurring after the date" of the enactment of the amendment, June 30, 1944.

then voluntarily reported the case to the Appellate Division (see *East Hampton Bank & Trust Co.* v. *Collins*, 287 Mass. 218, 219) to determine (1) the correctness of his ruling that the court was required to take jurisdiction, and (2) whether his finding for the plaintiff on the second count was warranted on the pleadings and facts. From an order of the Appellate Division dismissing the report the defendant appealed.

The defendant concedes that in view of our decision in *Schaffer* v. *Leimberg*, 318 Mass. 396, the District Court was required to take jurisdiction of the case; and it does not question the finding on the first count. The only question for decision, therefore, is whether a finding for the plaintiff was warranted on the second count. The findings of the judge with respect to this count were these: On December 24, 1943, the plaintiff purchased from the defendant a bottle of whiskey for which the defendant charged and the plaintiff paid $5. He purchased this for himself and three other persons, each of whom reimbursed him for a share of the purchase price. At the time the purchase was made, he disclosed these facts to the defendant's clerk who, at the plaintiff's request, gave him a receipt in order that he might show it to the other persons. Under the regulations in force at the time of the purchase the so called "ceiling price" for a bottle of whiskey of the type purchased by the plaintiff was $4.46.

The defendant argues that the plaintiff and the three persons who were to share the whiskey were "joint adventurers" with respect to it, and that, since the right sought to be enforced is contractual, the action cannot be maintained by one of the "adventurers," but all must be joined as plaintiffs. The short answer to this is that the plaintiff's right to recover here is entirely statutory; he is not suing for breach of contract. The common law rule to the effect that in an action of contract all joint contracting parties must join in an action for its breach (see *Thomas* v. *Benson*, 264 Mass. 555, 556) is therefore not applicable. Whether the plaintiff could recover on the second count in the circumstances here disclosed depends upon the statute.

It is provided in § 205 (e) of the act that "If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price . . . *the person who buys*[1] such commodity for use or consumption . . . may . . . bring an action either for $50 or for treble the amount by which the consideration exceeded the applicable maximum price, whichever is the greater, plus reasonable attorney's fees and costs as determined by the court." We think it clear that the plaintiff was "the person who buys" within the intendment of the statute and was entitled to recover on the second count.

*Order dismissing report affirmed.*