## BOYD et al. v. BENTON.
### No. 482.

Municipal Court of Appeals for the
District of Columbia.
April 17, 1947.

William R. Lichtenberg, of Washington, D. C. (Samuel Barker and Joseph Luria, both of Washington, D. C., on the brief), for appellants.

Leo N. McGuire, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellee sued under § 205(e) of the Emergency Price Control Act[1] to recover three times the amount of an alleged overcharge on the purchase by him from appellants of a used automobile.

The testimony on behalf of appellee was that he went to the used car lot of appellants and saw and examined a 1941 Oldsmobile which bore an O.P.A. price tag of $1,117; that appellants' salesman told him the car was for sale and permitted him to examine it; that he liked the car and was prepared to pay for it in cash; that the salesman asked how appellee was going to buy and when told that the purchase would be on a cash basis, the salesman replied that he could not sell the car to appellee; that appellee left the lot and on the evening of the same day took his brother to the lot, pointed out the car and instructed the brother, furnishing him the money, to buy the car on term payments; that the brother, dealing with another salesman, readily made the purchase on a basis of $502 cash and the balance in deferred payments; that the purchase price was $1,365.10, consisting of the O.P.A. price of $1,117, plus "finance charges" of $248.10; that the brother signed the conditional bill of sale and took title in his own name but at all times was acting for appellee; that the financing was accomplished through Acme Finance Company, a lending agency of appellants; and that when the first deferred payment fell due in the following month appellee paid the balance in full.

The foregoing evidence was substantially uncontradicted and the trial court awarded appellee the sum of $744.20, plus $125 attorney's fee.

Maximum Price Regulation No. 540, as amended, established maximum prices for which used passenger automobiles could be sold. Section 9 of that regulation, in part, provided:

"Sec. 9. Evasion. It shall be a violation of this regulation to charge a price above the applicable maximum price in connection with any sale of a used car, either alone or in conjunction with any other consideration even though the price increase appears only indirectly. Specifically, but not exclusively, the seller is not permitted to require the purchaser, as a condition of the sale or transfer of the car, to make payment over a period of time; * * *."

Tying agreements or combination sales by which a buyer, in order to purchase a desired commodity, is compelled to purchase an undesired commodity or service, constitute violations of the Price Control Act;[2] and as shown by the above-quoted regulation sellers of used cars were specifically forbidden to require, as a condition of the sale, that the buyer make payments over a period of time. Conceding this to be the law appellants contend that the evidence in the instant case did not establish a violation.

In support of their position appellants point out that if a sale was made to appellee it was made to him through his brother who acted as agent for appellee as an undisclosed principal. And in this connection they urge that any defense good against the agent of an undisclosed principal is good against the principal himself. Therefore, they state that since the brother requested no cash sale but expressly requested a financed sale, the appellee is bound thereby. Their conclusion is that since appellee acting through his agent requested a financed sale, the very essential of forced financing is absent.

Appellants' argument is defective in two

---

[1] 50 U.S.C.A.Appendix, § 925(e).

[2] Coffin-Redington Co. v. Porter, 9 Cir., 156 F.2d 113; Bowles v. Royal Wine & Liquor, Inc., 7 Cir., 155 F.2d 137; Bowles v. Haymond, D.C., Conn., 59 F. Supp. 482; Bowles v. S. S. Kresge Co., D.C.,W.D.Mo., 59 F.Supp. 427; Brown v. Banana Distributors of Connecticut, Inc., D.C., Conn., 52 F.Supp. 804.

particulars. First, it treats as separate and distinct the occurrences when appellee went to appellants' place of business and when appellee's brother went there. They cannot be so treated but must be viewed as two parts of one transaction. From the evidence the trial court was warranted in finding that appellee attempted to buy the car for cash and appellants refused to sell except on terms; that when later in the day appellee determined to buy. he was justified in assuming that no sale would be made for cash and that it would be useless for him or his brother to attempt to buy for cash; and that the act of the brother, as agent for appellee, in offering to buy and in fact buying on terms was the same as if appellee, having been refused a cash sale, accepted a sale on terms. Under this view there was a clear violation.

Appellants' argument also assumes that since appellee made the purchase through an agent, appellee must sue as undisclosed principal on the contract made by his agent. However, the action here. is not to enforce the contract or to recover damages for its breach. Appellee seeks to enforce no contractual right. His action is for recovery on a statutory liability[3] and the contract is nothing more than evidence of the violation which gives rise to the liability.

Appellants also argue that the defense of accord and satisfaction was established. This contention is based on the fact that about six weeks prior to the institution of this action the appellants mailed to appellee a check for the sum of $75 which had typed on it a statement to the effect that it was tendered in settlement of all claims between the parties, which check the appellee did not cash but retained. Appellants argue that retention of the check for an unreasonable length of time effected an accord and satisfaction. Assuming, without deciding, that this is a correct statement of law, it was nevertheless a question of fact for the trial judge whether under all the circumstances of the case the check was retained for an unreasonable length of time.

A more conclusive answer to appellants' contention is that Civil Rule 8(c) of the trial court requires that the defense of accord and satisfaction be pleaded affirmatively. Appellants did not raise this defense in their answer and therefore waived it. Civil Rule 12(h). Nor was the issue tried by express or implied consent of the parties. Civil Rule 15(b).[4]

Appellants also contend that there was no proof of bad faith on their part justifying the award of treble damages. The trial court specifically found that the violation was willful and there was sufficient evidence to sustain this finding.

Affirmed.

[3] Fleetham v. Winter Hill Liquor Store, Inc., 319 Mass. 29, 64 N.E.2d 650.
[4] The cited rules of the trial court are substantially the same as Rules 8(c), 12(h) and 15(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.