## TURNER v. BOWMAN.

### Nos. 835, 836.

Municipal Court of Appeals for the District of Columbia.

Submitted July 25, 1949.

Decided Aug. 10, 1949.

Ben Lindas and Joseph H. Schneider, Washington, D. C., for appellant.

Octave Bigoness, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

---

HOOD, Associate Judge.

A landlord appeals from a judgment against him in favor of his tenant for $966, representing double the amount of overcharges for rent, plus an attorney's fee of $75, under section 10 of the District of Columbia Emergency Rent Act.[1]

The tenant's testimony was that the premises in question were rented on the freeze date of the Rent Act for $23.50 per month, which sum thereby became the maximum rent ceiling; that there had been no adjustment of such ceiling; that on September 8, 1945, the landlord rented the premises to the tenant at $35 per month, which sum the tenant had paid continuously since that date; and that thereby the landlord had collected an overcharge of $11.50 each month.

The landlord's defense rested on his claim that the premises when rented at the lower figure were unfurnished whereas they were rented furnished to the tenant here involved, and that under the doctrine of Delsnider v. Gould, 81 U.S.App.D.C. 54, 154 F.2d 844, the furnished premises were new accommodations not subject to the old rent ceiling. The tenant disputed this, testifying that the furniture never belonged to the landlord but was formerly owned by a previous tenant who on moving out gave it to the present tenant. There was also testimony that the furniture, regardless of ownership, was very limited in both quantity and quality, having been purchased at a junk yard. The trial court was justified in finding either that the furniture was not supplied by the landlord or, if it was, that its addition did not result in new accommodations.

The first point made on appeal is that actions of this type are governed by the three-year statute of limitations,[2] and that the judgment here covered a period of more than three years preceding commencement of the action. Rule 8(c) of the trial court, based on F. R. C. P. 8(c), 28 U.S. C.A., requires that the defense of the statute of limitations shall be set forth affirmatively, but that was not done in this case. The defense was not made at trial and appears to have been first raised in the motion for new trial. This was too late. The defense of the statute of limitations cannot be availed of by a party who fails in due time and in proper form to invoke it.[3]

It is also contended that the trial court was in error in not granting a new trial on account of newly discovered evidence. The only reference to such evidence is the statement in the motion for new trial that "the plaintiff has newly discovered evidence." This was not sufficient to justify the trial court in granting a new trial and certainly would not warrant this Court in holding there was error in respect thereto.

Error is also assigned with respect to the procedure of the Rent Administrator in the trial of the case.[4] Counsel for the Administrator was present when the trial commenced but did not at that time ask intervention on behalf of the Administrator. In the course of the trial intervention by the Administrator was sought and granted. Appellant says that such procedure tends to disrupt the orderly course of the trial and puts opposing counsel at a disadvantage. It may well be that generally the Administrator should be required to make his decision on intervention at commencement of the trial, but this is a matter resting largely in the discretion of the trial court and we find no abuse of that discretion here.

Other assignments of error have been considered but found to be either without merit or not supported by the record.

There is included in the record another appeal by the landlord from a judgment in his favor for possesison of the premises for nonpayment of one month's rent of $23.50. As this judgment was in the landlord's favor he could appeal from it only on the

---

[1] Code 1940, Supp. VI, § 45—1610.

[2] See Heitmuller v. Berkow, 83 U.S.App. D.C. 70, 165 F.2d 961, affirming this Court's opinion in 51 A.2d 302; Shenk v. Cohen, D.C.Mun.App., 51 A.2d 298.

[3] Atchison & Keller v. Taylor, D.C. Mun.App., 51 A.2d 297.

[4] Section 10(c) of the Rent Act provides: "The Administrator may intervene in any suit or action wherein a party relies for ground of relief or defense upon this Act or any regulation, order, or requirement thereunder."

ground that it recited default in payment of rent of $23.50 instead of $35, claimed by him to be the legal rent. What has already been said disposes of this appeal.

Judgments affirmed.