F. W. WOOLWORTH COMPANY, Inc., a foreign corporation doing business in the District of Columbia, Appellant,

v.

Zoya STODDARD, Appellee.

DISTRICT OF COLUMBIA, a Municipal Corporation, Appellant.

v.

Zoya STODDARD, Appellee.

Nos. 2469, 2470.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 19, 1959.

Decided Dec. 3, 1959.

Edward C. Donahue, Washington, D. C., with whom William A. Ehrmantraut, Washington, D. C., was on the brief, for appellant F. W. Woolworth Co.

Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellant District of Columbia.

Ferdinand J. Mack, Washington, D. C., with whom Arthur J. Hilland and James E. Hogan, Washington, D. C., were on the brief, for appellee.

Before ROVER, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired), sitting by designation under Code § 11–776(b).

CAYTON, Acting Judge.

For injuries sustained in a fall at the entrance to a Woolworth store plaintiff sued Woolworth and the District of Columbia. A jury awarded damages against both defendants and they have appealed.

The Woolworth Appeal.

■ This appellant contends it was entitled to a directed verdict. It is argued that plaintiff did not show that Woolworth "was the owner of such premises nor a lessee having exclusive control over the entire premises"; nor that the owner of the property had by lease or otherwise transferred to the tenant the responsibility of making repairs. These arguments have no validity. This is not a case where the owner has retained control of a portion of premises or has leased different parts of a building to different tenants.[1] Woolworth was admittedly the operator of the store and as such was responsible to its invitees.[2]

■ Plaintiff's fall was sustained at one of three entrances to the store. On the store property, between show-windows, there was a recessed area some six feet wide from the public sidewalk to the store itself; this area was surfaced with tile. Several months before plaintiff's fall Woolworth's manager reported to District authorities that the sidewalk was sinking, creating a difference in elevation between it and the tile entrance. The District twice made repairs in the area, leaving an asphalt patch on the sidewalk and slightly overlapping the tiled entrance area. Further settling of the sidewalk resulted in a deviation of about 2 inches between the asphalt and the tile.

Woolworth argues that because the District made the repairs it was solely responsible. To this there are two answers. One is that according to plaintiff's version she was partly on the public sidewalk and partly in the Woolworth entrance when she tripped and fell. Another answer is that though Woolworth was for several months continually aware of the condition it took no steps to protect its customers: it erected no barrier or warning, and posted no signs diverting its customers to the other two store entrances. On the evidence as we have briefly outlined it the trial judge was right in submitting to the jury the question of Woolworth's negligence.[3] The presence of a visible and continuing danger gave warning to Woolworth of the consequences which might be expected and made vigilance a duty. It was for the jury to say whether that duty had been violated.

Appellant Woolworth also claims error in the charge to the jury, and this we discuss later.

1. See Altemus v. Talmadge, 61 App.D.C. 148, 58 F.2d 874, certiorari denied 287 U.S. 614, 53 S.Ct. 16, 77 L.Ed. 533.

2. See Security Savings & Commercial Bank v. Sullivan, 49 App.D.C. 119, 261 F. 461; Viands v. Safeway Stores, D.C.Mun.App., 107 A.2d 118.

3. Viands v. Safeway Stores, supra, and cases there cited.

*The Appeal of the District of Columbia.*

The District offered no evidence but stood on its motion for directed verdict, made at the close of plaintiff's case. One ground of the motion was that plaintiff had not alleged and proved that she had given advance notice of her injury under Code 1951, § 12–208. That section provides that no action for liquidated damages "shall be maintained" against the District unless claimant within six months after the injury gave notice in writing containing certain prescribed information. The District would have us rule "that compliance with the statute must be alleged and proved as a necessary part of the plaintiff's case." In effect the argument is that plaintiff is out of court because of a jurisdictional omission or defect. (The contention may perhaps be answered by referring to the fact that counsel for the District in open court twice referred to a "letter of notice" in his possession; but we think it better to decide the basic question.)

The contention fails utterly when we refer to the history of this legislation. As first introduced in Congress the bill provided that no such action shall be maintained, etc., "unless the claimant shall allege and prove" giving of the notice. But this proscriptive language was deliberately stricken from the bill by the House Committee,[4] and was no part of the section as finally enacted. It would be wrong, against the legislative intent and unfair to the public for the courts to erect a jurisdictional barrier which Congress has considered and rejected.

In none of the several decisions construing the statute has it ever been held that giving of the notice must be alleged and proved.[5] We rule, as did the trial court, that this was a matter of affirmative defense. See Municipal Court Civ.Rule 8(c); Fed.R.Civ.P. 8(c), 28 U.S.C.A. Neither in its answer nor at pretrial was this defense even mentioned by the District. The defense may therefore be considered waived.[6]

The next contention is that the District is not liable because the condition which caused plaintiff's injury was entirely on private property. This statement does not accord with the evidence—certainly not when taken, as it must have been, in a light most favorable to plaintiff. We have said that the entrance area to the Woolworth store was covered with tile. This area was slightly ($\frac{1}{4}$ to $\frac{1}{2}$ inch) back from the sidewalk and within the private property line. There was evidence that the asphalt patch applied by the District was six inches wide up to and along the tile and onto the store entrance area. There was also evidence that between the time the District made the repairs and the time plaintiff suffered her fall the asphalted area sank about two inches. Plaintiff contended, and on the evidence the jury had a right to find, that an unsafe condition prevailed on the public space as well as on the private area involved. In such a situation, whoever has the initial or primary responsibility to repair, a jury may very properly find liability against the District for work improperly performed.[7]

4. H.R.Rep. No. 2010, 72d Cong., 2d Sess. (1933).

5. See Hirshfeld v. District of Columbia, 103 U.S.App.D.C. 71, 254 F.2d 774; Stone v. District of Columbia, 99 U.S.App.D.C. 32, 237 F.2d 28, certiorari denied 352 U.S. 934, 77 S.Ct. 221, 1 L.Ed. 2d 160; District of Columbia v. Green, 96 U.S.App.D.C. 20, 223 F.2d 312; McDonald v. Government of the District of Columbia, 95 U.S.App.D.C. 305, 221 F. 2d 860; Hurd v. District of Columbia, D.C.Mun.App., 106 A.2d 702; District of Columbia v. Hamilton Nat. Bank of Washington, D.C.Mun.App., 76 A.2d 60; District of Columbia v. World Fire & Marine Ins. Co., D.C.Mun.App., 68 A.2d 222.

6. 1 Barron and Holtzoff, Federal Practice and Procedure, § 279 (1950). See also Peckham v. Ronrico Corp., 1 Cir., 211 F.2d 727; Bryant v. Astarbi, D.C.Mun. App., 78 A.2d 674; Turner v. Bowman, D.C.Mun.App., 68 A.2d 231; Boyd v. Benton, D.C.Mun.App., 52 A.2d 499.

7. Leary v. District of Columbia, D.C.D.C., 166 F.Supp. 542 (Opinion of Youngdahl, J.); Altemus v. Talmadge, supra.

■ Another contention concerns the admission in evidence of a section of the building code governing the rate of slope on ramps. This seems to have been attended by some confusion or misunderstanding, and while the section probably had no great probative value, we are not persuaded that its admission was prejudicial.

Both appellants have criticized the instructions to the jury. We have studied the charge in its entirety, and we are satisfied that the trial judge fairly, fully, and accurately instructed the jury as to the relative standards of care required of the two defendants, actual and constructive notice, negligence, contributory negligence, and proximate cause. The instructions were fashioned around the evidence and were in accord with the established law of this jurisdiction.

Affirmed.