# DISTRICT OF COLUMBIA *v.* BREWER.

STREETS AND SIDEWALKS; CONTRIBUTORY NEGLIGENCE.

Where a person takes the risk of walking at night on a sidewalk known by him to be in a dangerous condition, and at the time particularly so because of its being covered with snow, in preference to walking through the deep snow on another street, he is guilty of contributory negligence, which will preclude the recovery by him of damages from the municipality for injuries received.

No. 477.   Submitted May 8, 1895.   Decided November 4, 1895.

HEARING on an appeal by the District of Columbia from a judgment on verdict in an action to recover damages for personal injuries.   *Reversed.*

The COURT in its opinion stated the case as follows:

The appellee, Harrison G. Brewer, sued the appellant, the District of Columbia, in the court below to recover damages for an injury received by him through the defective condition of a sidewalk on Brown street, Mount Pleasant, in the city of Washington.   The evidence shows that a wooden sidewalk had been laid on this street by private subscription.   Subsequently the street was cut down, but at the request of the residents the sidewalk was not graded or disturbed.   Mr. Chittenden, who lived on the street, cut the sidewalk and lowered it for a space or section of 10 feet so as to make a roadway for a carriage across it from his lot to the street.   The section was lowered some 10 inches. The attention of the District authorities was called to the dangerous condition of the sidewalk several times, and assurance was given that it would be remedied.   Nothing, however, was done before the injury received by the plaintiff.   The only evidence as to the manner in which the accident occurred was given by the plaintiff.   He testified that he lived on Meridian street, Mount Pleasant, at the time of

the accident, January 14, 1893. That he was on his return from Georgetown, between 12 and 1 o'clock at night, and could have gone to his home by Centre street instead of Brown ; but that he went by the latter because it had lights, while the other had not. He mounted two steps at the corner to get upon the board walk, and went along it until he got to Chittenden's gate. " Then he stepped back so as to get an idea where he was, thinking there would be a little dirt there ; that he stepped back a little and went to walk across, and that he then slipped, and turning round trying to catch himself he fell across the corner of the board." He also testified that he had himself complained to the District authorities of the condition of the place. On cross-examination he said there was snow on the grouud, and that the night was clear. It had snowed during the afternoon and until dark. He had good eyesight and was careful and attending to what he was doing ; that he knew this plank walk both before and after the change of grade, and knew of the driveway into Mr. Chittenden's place. He had used it a half dozen times before, and had walked it, past the driveway, that morning. The walk had been cleaned that morning, but when he returned it was covered with snow about an inch deep. The snow was about a foot deep in the street. He said again that he knew the condition of the sidewalk at Chittenden's driveway perfectly well, and that there was a lighted lamp about 10 or 12 feet from the gate. It appeared that, in falling, the plaintiff received a double fracture of the bone of the leg, immediately above the ankle, from which he suffered much pain. He was long confined to his home, had to walk on crutches, and was, possibly, permanently injured.

Upon the close of the evidence of the plaintiff, the defendant moved the court to instruct the jury to return a verdict on its behalf because of the insufficiency of the evidence. This was denied, and the jury found for the plaintiff, and assessed his damages at $2,000.

*Mr. S. T. Thomas*, Attorney for the District of Columbia, and *Mr. A. B. Duvall*, Assistant Attorney, for the appellant.

*Messrs. R. Ross Perry & Son* for the appellee.

Mr. Justice SHEPARD delivered the opinion of the Court :

Some interesting propositions of law have been discussed in this case concerning the duties of municipalities with regard to the maintainance and repair of streets and sidewalks, and upon the effect of permitting snow to lie thereon, to the increase of existing dangers. In the view we have taken of the case, however, it turns not upon these, but upon the question of plaintiff's contributory negligence.

Grant that it was the duty of the defendant to keep the sidewalk in safe condition and free from snow ; that the cut for the roadway rendered the walk dangerous, especially when covered by snow ; that defendant had express notice of the danger in ample time to have remedied it, and with ample means for the purpose, before the accident to plaintiff; and that the failure to take action constituted culpable negligence ; still it does not follow that plaintiff is entitled to recover regardless of other facts and circumstances in the case. His own testimony shows that he knew of the dangerous place in the sidewalk, and that it had not been repaired. He knew that, covered as it was with snow, it had been rendered more dangerous. The night was clear, the street lighted, and he preferred taking the risk of the sidewalk to walking through the deep snow on another street. He mounted the two steps at the beginning of the sidewalk with safety, and realized fully when he had reached the dangerous place where there was a cut of about ten inches in the walk. He stopped, he said, and " stepped back so as to get an idea where he was, thinking there would be a little dirt there ; that he stepped back a little and went to walk across, and he then slipped, and turning round, trying to catch himself, fell across the corner of the board." He did

not step off at the roadway suddenly or unexpectedly and thus receive the fall. His foot slipped upon the board, and he fell across the corner. A similar accident might have befallen him had he slipped at some other point and fallen from the raised board walk. But, be that as it may, he deliberately took the risk of walking along this dangerous sidewalk and received his injury in so doing. As this plainly appeared from the testimony of the plaintiff himself, who seems to have testified with perfect fairness, and there was no other evidence, the court should have instructed the jury to return a verdict for the defendant. For the error in refusing the prayer to that effect, *the judgment must be reversed, with costs to the appellant, and the cause remanded. It is so ordered.*