**LYONS**

v.

**DISTRICT OF COLUMBIA.**

**No. 11731.**

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 27, 1953.

Decided Jan. 14, 1954.

Mr. Rex K. Nelson, Washington, D. C., with whom Mr. Eugene X. Murphy,

Washington, D. C., was on the brief, for appellant.

Mr. John H. Baumgartner, Jr., Assistant Corporation Counsel for the District of Columbia, with whom Messrs. Vernon E. West, Corporation Counsel, Chester H. Gray, Principal Asst. Corporation Counsel, and Harry L. Walker, Asst. Corporation Counsel, were on the brief, for appellee. Mr. Oliver Gasch, Asst. Corporation Counsel at the time the record was filed, also entered an appearance for appellee.

Before PRETTYMAN, BAZELON and FAHY, Circuit Judges.

FAHY, Circuit Judge.

■ Appellant is an elderly lady who as plaintiff below sued the District of Columbia for damages due to injuries alleged to have resulted from a fall on an icy sidewalk. The fall is alleged to have been caused by the negligence of the District in maintaining the sidewalk. The case went to trial before a jury and resulted in a verdict for the District. The court gave an instruction on contributory negligence. Appellant urges that this was error because of the absence of supporting evidence.[1]

■ Appellant lived on 18th Street between Eye and K Streets, Northwest. On the evening of the accident, February 5, 1948, she had gone for dinner to the Y.W.C.A. building at the northeast corner of 17th and K Streets, Northwest. After dinner she walked toward her apartment along her customary route, that is, west along K Street across Connecticut Avenue, thence across K Street to the southwest corner of 17th and K Streets, thence along the south side of K Street westward toward 18th Street. She reached the southwest corner of 17th and K Streets and had proceeded a short distance along the south side of K Street when she slipped and fell. There was evidence for the jury that the fall was caused by an unusually slippery condition of the sidewalk. There had been a heavy snow about ten days previously, followed by a considerable amount of freezing weather. The snow had not altogether melted and rough ridges had formed on the sidewalk where appellant fell, due to indentations made by pedestrians, followed by freezing. Another snow, superimposed upon the above conditions, had begun to fall the previous day, February 4th. The same weather conditions, including the same snowfalls, are described in Smith v. District of Columbia, 89 U.S.App. D.C. 7, 189 F.2d 671, where the principles governing the liability of the District of Columbia in such cases are set forth.[2]

■ An instruction on contributory negligence was first requested by plaintiff's own counsel. The court then was of the view no evidence warranted the instruction. Later, however, without additional evidence being taken, the court came to a different conclusion and, at the District's request and over plaintiff's objection, gave the instruction of which complaint is now made. As justification the court pointed to plaintiff's testimony that she approached the southwest corner of 17th and K Streets, that the sidewalk did not appear too slippery, but that as she walked along she started

---

1. The District suggests that in any event the judgment should be affirmed because the evidence did not make out a case of negligence on its part. We think, however, there was sufficient evidence to take the case to the jury for its decision on that question. See note 2, infra.

2. The rule there stated is as follows: "The correct governing rule is that, if snow or ice has been permitted to remain untreated on a sidewalk or crosswalk and has been formed into humps or ridges or other shapes of such size and location as to constitute a danger aggravated over its original mere slipperiness and unusual in comparison with general conditions naturally prevalent throughout the city, and if such condition has remained for a period of time sufficient to give rise to a constructive notice to the municipal authorities and an opportunity for them to remedy it, the municipality is liable for injuries of which the dangerous condition is the proximate cause." 89 U.S.App. D.C. at page 11, 189 F.2d at page 675.

to slip and shoved her feet. We are unable to find in this testimony a basis upon which the jury could rest a finding of negligence on plaintiff's part. It appears to us to be devoid of such content. The jury would not be warranted in reading into this description of her conduct anything inconsistent with due care.

In this court, as below, the District relies principally upon other evidence as showing contributory negligence, namely, that appellant in taking her usual route homeward went along the icy south side of K Street, instead of going west along its north side or proceeding to Eye Street and going west along its north side. It is true there was some evidence that the north sides of these streets were freer of ice than some other areas in the vicinity, due to more warmth from the sun falling there. But the evidence failed to indicate that either of these other possible routes was less hazardous on the whole, much less known to appellant to be so. Accordingly the case of Lord Baltimore Filling Stations v. Miller, 71 App.D.C. 376, 110 F.2d 698, is inapplicable because there, as the court pointed out, "There was evidence indicating that plaintiff had ample opportunity to reach the [destination] safely and over an ice-free path." Nor is District of Columbia v. Brewer, 7 App.D.C. 113, of help to the District, for there the court pointed out that plaintiff knew of the dangerous place in the sidewalk and knew also that it had been rendered more dangerous by being covered with snow.[3] In Hecht Co. v. Hohensee, 65 App.D.C. 328, 83 F.2d 585, and Smith v. District of Columbia, supra, the remaining cases in this jurisdiction cited to us, the decisions on appeal in no way turned upon the question of contributory negligence or on an application of the "choice of ways" doctrine. In the absence of evidence that appellant knew or should have known of a safer route the "choice of ways" doctrine relied upon by the District is inapplicable. Young v. Baldwin, 8 Cir., 84 F.2d 841, 843; Boyland v. City of Parkersburg, 78 W.Va. 749, 757, 90 S. E. 347, 351. See, Contillo v. City of Pittsburgh, 158 Pa.Super. 524, 526–527, 45 A.2d 366, 367.

The giving of the disputed instruction requires reversal because we cannot be certain but that the jury found against appellant upon the theory, unsupported by evidence, that her own negligence was a contributing cause of her injuries.

Reversed and remanded.

3. The doctrine of this case, as interpreted in Mosheuvel v. District of Columbia, 17 App.D.C. 401, to require a finding of contributory negligence as matter of law wherever one who knows a sidewalk to be defective or dangerous chooses nevertheless to use it, was repudiated by the Supreme Court in Mosheuvel v. District of Columbia, 191 U.S. 247, 24 S.Ct. 57, 48

L.Ed. 170. There the Supreme Court stated the correct rule to be that, notwithstanding knowledge of the defect or danger, a finding of contributory negligence depends upon whether, in the exercise of a sound judgment, one could conclude that with ordinary care and prudence the walk could be used with safety.