Cornelius G. **ABEN**, Appellant,

v.

**DISTRICT OF COLUMBIA**, Appellee.

No. 12256.

United States Court of Appeals,
District of Columbia Circuit.

Argued March 8, 1955.

Decided April 7, 1955.

Mr. Albert Brick, Washington, D. C., with whom Mr. Samuel Intrater, Washington, D. C., was on the brief, for appellant.

Mr. Milton D. Korman, Asst. Corp. Counsel for the District of Columbia, Washington, D. C., with whom Messrs. Vernon E. West, Corp. Counsel, Chester H. Gray, Principal Asst. Corp. Counsel, Harry L. Walker and Lyman J. Umstead, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Mr. Ralph D. Quinter, Jr., Asst. Corp. Counsel, Washington, D. C., also entered an appearance for appellee.

Before EDGERTON, WASHINGTON and DANAHER, Circuit Judges.

WASHINGTON, Circuit Judge.

Plaintiff-appellant brought suit against the District of Columbia, alleging that on February 9, 1951, he was crossing L Street at the intersection of 23rd Street, in northwest Washington, and slipped and fell on an icy deposit in the middle portion of the crosswalk. In his opening statement his counsel said that he would show that on February 7th —two days before—there had been a snowfall in the District of Columbia, that the weather remained below freezing, that the patch of ice in question was an unusual and dangerous obstruction, that no ashes or sand had been placed on it, and that there were automobile and tire marks in the particular spot "indicating that when the snow had fallen it had been tracked over and formed into this un-

usual position of having ridges one and a half to three inches high." At the close of the opening statement the District Court directed a verdict in favor of defendant. We think that under all the circumstances here this action was correct. It was conceded that the only evidence of actual or constructive notice to the District of the alleged unusual and dangerous condition would be through Government weather reports showing the measured depth of unmelted snow, sleet, hail or ice at the Weather Bureau's central station in the District at given times during the three-day period involved. While Weather Bureau records are recognized as probative evidence of weather conditions in the locality where and when an accident occurred [1] and "should be accepted rather than indefinite opinions of witnesses," [2] such evidence standing alone cannot establish the indispensable actual or constructive notice of the existence of the specific obstruction, its duration, or its dangerous character. [3] Moreover, the weather reports placed in the record here tend to contradict the inference of constructive notice to the District sought to be derived therefrom. After the snowfall of February 7, the report shows that only one inch of unmelted snow or ice remained on the ground at 7:30 that evening, that only a trace remained on the evening of the following day, and that only traces of precipitation occurred on the 8th and 9th. The report specifically states that "by the 9th main highways were reported to be free of ice."

Nothing to the contrary of our holding here was decided in Smith v. District of Columbia, 1951, 89 U.S.App.D. C. 7, 189 F.2d 671, 39 A.L.R.2d 773, and Lyons v. District of Columbia, 1954, 93 U.S.App.D.C. 278, 214 F.2d 203. In the Smith case the evidence of constructive notice was ample; the obstructions were shown to have been in existence for some ten days and were at the curb of a crosswalk in a heavily-traveled intersection. The Lyons case involved the same weather conditions as prevailed in the Smith case, and there was independent evidence in the record before us that the dangerous condition complained of had been in existence for about a week prior to the accident.

Affirmed.

1. Wadlund v. City of Hartford, 1952, 139 Conn. 169, 91 A.2d 10, and cases collected in Note, 34 A.L.R.2d 1249 (1954).

2. De Boulet v. City of New York, 1st Dept., 1920, 192 App.Div. 359, 182 N.Y. S. 697, 700; Richman v. City of New York, Sup., App.T., 1st Dept., 1945, 54 N.Y.S.2d 148.

3. Ward v. City of Pittsburgh, 1945, 353 Pa. 156, 44 A.2d 553, 556; 19 McQuillin, Municipal Corporations (3d ed.) 426-7 and § 54.114, passim; Note, 39 A.L.R.2d 782, 805 et seq.