SAFEWAY STORES, INC., Appellant,

v.

Mary Irene STEVENS, Appellee.

No. 3418.

District of Columbia Court of Appeals.

Argued Feb. 10, 1964.

Decided Feb. 28, 1964.

William T. Clague, Washington, D. C., with whom William A. Mann, Francis C. O'Brien, and Allan C. Swingle, Washington, D. C., were on the brief, for appellant.

John J. Spriggs, Jr., Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

Appellee was injured when she slipped and fell in the produce department of one of appellant's stores. She brought suit and a jury returned a verdict in her favor. Appellant's sole contention is that appellee was contributorily negligent as a matter of law.

The evidence shows that appellee was shopping in one of appellant's stores shortly before the closing time. After talking with a friend, she went to the vegetable bins to purchase some greens. She was unable to find a bag under the counter so she walked across the aisle to obtain one. On her return trip she slipped and fell. Thereafter, she noticed a bean on the heel of her shoe.

Appellee testified that the floor was dirty with collard greens, onion skins, corn shucks and other debris. She admitted she was in a hurry because the store was about to close but stated she was careful and did not realize it would be dangerous to walk through the debris until she fell. Appellant argues that appellee should have chosen an alternate path.

In Willis v. Stewart, D.C.App., 190 A.2d 814 (1963), we had occasion to consider a similar contention where there was an unsuccessful attempt to step across a puddle at the base of a series of steps. We stated:

" * * * It was not necessarily negligent for the wife knowingly and deliberately to encounter a danger which it was negligent for appellants to maintain. The decisive question was whether her conduct was reasonable under all the circumstances. * * *" Willis v. Stewart, supra, 190 A.2d at 817.

In the case at bar, appellee was not necessarily negligent in stepping through the debris. Whether she was exercising a degree of care commensurate with the known circumstances was a question upon which reasonable minds could disagree; therefore, a jury question was presented.[1]

Safeway Stores, Inc. v. Feeney, D.C.Mun. App., 163 A.2d 624 (1960), relied upon by

1. The contention that appellee should have chosen an alternate path is answered by our discussion in Willis v. Stewart, D.C.

App., 190 A.2d 814, 817 (1963), of Mosheuvel v. District of Columbia, 191 U.S. 247, 24 S.Ct. 57, 48 L.Ed. 170 (1903).

appellant, is not in point. There .a known danger was encountered "automatically" in an absent-minded and forgetful manner. We held, under those circumstances, that such failure constituted carelessness as a matter of law. Here there was no evidence that appellee's conduct was either absent-minded or forgetful. Appellee testified that she was proceeding in a careful manner although hurriedly. Whether such conduct was reasonable under all the circumstances presented a jury question.

Affirmed.