Evelyn Nickens LYNN, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 96–CV–900.

District of Columbia Court of Appeals.

Argued March 17, 1999.
Decided July 22, 1999.

Vincent Nappo, Washington, DC, for appellant.

Lisa A. Bell, Assistant Corporation Counsel, with whom John M. Ferren, Corporation Counsel at the time the brief was filed, and Charles L. Reischel, Deputy Corporation Counsel, were on the brief, for appellee.

Before TERRY and RUIZ, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM:

Appellant Evelyn Nickens Lynn filed a complaint against the District of Columbia for an injury she allegedly sustained when she fell on a sidewalk in a deteriorated condition. The case was resolved in the trial court by the grant of the District's motion for summary judgment. Lynn appeals, claiming there were genuine issues of material fact with respect to: (1) whether the District had constructive notice of the condition of the sidewalk; and (2) whether Lynn was contributorily negligent. We reverse and remand.

## I.  FACTS

In the early evening in May 1992, appellant fell and fractured her left knee when she stepped up onto the curb after crossing the intersection of Benning Road and F Street, Southeast. At the time, she was walking with her four young children on the way to visit appellant's adult daughter, Lolita Capers. Appellant fell in a treebox after she and the children crossed Benning

Road from the southeast corner of F Street. Appellant states that on the day she fell, the level of dirt in the tree box had deteriorated to a level approximately three inches lower than the adjacent pavement. Lynn asserts that she slipped because of the uneven ground surface.

During discovery, appellant testified that the pavement and treebox had been in a condition of disrepair for a substantial period of time. In deposition she stated the condition had existed for "[m]ore than a month" and "[p]robably" for a year. She described the intersection as heavily traveled because it is proximate to two shopping centers and large housing developments. Appellant stated there is also a public school and a police substation nearby. She stated she had observed workmen surveying the area sometime prior to her fall.

In an affidavit, appellant stated that she was aware of an alternate route to cross the street, but chose not to use it. According to appellant, that path, emanating from the northwest corner of F Street, also entailed crossing two busy streets instead of one, and was unsafe for her and her children because it was littered with gravel, stones, and other debris. Appellant's adult daughter also filed an affidavit describing the alternate pavement across the street as cracked and deteriorated. She stated that in 1991 she herself had fallen on stones and gravel and twisted her ankle.

In response to a motion by the District, the trial court issued an order of summary judgment, stating Lynn had failed to present prima facie evidence of constructive notice, and that she was contributorily negligent as a matter of law.

## II. STANDARD OF REVIEW

■ Summary judgment "is appropriate only when there are no material facts in issue and when it is clear that the moving party is entitled to judgment as a matter of law." *Willis v. Cheek,* 387 A.2d

716, 719 (D.C.1978) (citations omitted); *see Tippens v. Celotex Corp.,* 805 F.2d 949 (11th Cir.1986). On appeal, the Court of Appeals conducts an independent review of the record, but the substantive standard is the same as that utilized by the trial court. *Northbrook Ins. Co. v. United Servs. Auto Ass'n,* 626 A.2d 915, 917 (D.C.1993). All inferences which may be drawn from the facts are resolved against the movant. *Willis, supra,* 387 A.2d at 719 (citations omitted). Nonetheless, the non-moving party must demonstrate that a genuine issue of material fact exists requiring a trial. *Townsend v. Waldo,* 640 A.2d 185, 187 (D.C.1994).

## III. DISCUSSION

### A. Constructive Notice

■ As one ground for granting summary judgment, the court concluded that appellant had failed to present *prima facie* evidence of constructive notice. The District cannot be held liable for an injury caused by an unsafe condition on its streets, unless it has actual or constructive notice of the condition. *Washington Metro. Area Transit Auth. v. Davis,* 606 A.2d 165, 175 (D.C.1992) ("*WMATA*"). Constructive notice "can be shown by evidence that a street has remained in an unsafe condition for a sufficient period of time that the District authorities ought to have known of it, had they exercised ordinary care." *Id.* (citations omitted). In assessing whether notice was sufficient, "[e]very such case must be determined by its peculiar circumstances ." *District of Columbia v. Woodbury,* 136 U.S. 450, 464, 10 S.Ct. 990, 34 L.Ed. 472 (1890).

Since questions of this kind are necessarily fact-specific, a trial judge must carefully assess, in considering a motion for summary judgment or directed verdict, whether material questions of fact exist. This court concluded that evidence showing that foliage obstructed a bus stop for two years was sufficient to raise a factual question of constructive notice. *WMATA, supra,* 606 A.2d at 175; *see Smith v. District of Columbia,* 89 U.S.App. D.C. 7, 8, 10–11, 189 F.2d 671, 672, 674–75 (1951) (evidence that a dangerous condition exist-

ed for ten days after a heavy snowfall, raised a factual question of constructive notice). *See also Lyons v. District of Columbia,* 93 U.S.App. D.C. 278, 279 n. 2, 214 F.2d 203, 204 n. 2 (1954).

In contrast, where the plaintiff presented "no evidence as to how long the alleged defect existed," a directed verdict against the claimant was affirmed. *Jones v. District of Columbia,* 123 A.2d 364, 366 (D.C. 1956); *see Aben v. District of Columbia,* 95 U.S.App. D.C. 237, 238, 221 F.2d 110, 111 (1955) (evidence of a weather report showing snow over a three day period deemed insufficient to show notice of a specific dangerous condition).

■ In order to prove constructive notice, then, a plaintiff must present evidence: (1) that a dangerous condition existed, *see Harding v. District of Columbia,* 178 A.2d 920, 921–22 (D.C.1962); *Smith, supra,* 89 U.S.App. D.C. at 8, 10–11, 189 F.2d at 672, 674–75; and (2) that the dangerous condition existed for such a duration of time that the District should have been aware of it if District authorities had exercised reasonable care, *see WMATA, supra,* 606 A.2d at 175; *Jones, supra,* 123 A.2d at 366.

In this instance appellant proffered evidence that the condition of the sidewalk and treebox had existed for "[m]ore than a month," and "[p]robably" for a year. The government attempts to strengthen its position in this regard by referring to appellant's seeming uncertainty as to the specific condition of the pavement shortly before her fall.[1] However, depositions and affidavits from others support appellant's *prima facie* claim that appellee had constructive notice.

■ Additionally, appellant presented evidence that the intersection where she

fell was a busy one, proximate to a police facility, a public school and shopping areas. Given the nature of the area which involved pedestrian traffic, the alleged dangerous condition of the sidewalk, the time during which that dangerous condition allegedly had existed and the presence of police officers in the immediate vicinity, we cannot agree that there was not even a question of fact for the fact finder with respect to constructive notice to the District of the alleged dangerous condition. We note, in particular, the proximity to police presence. In a different context, dealing with waiver of immunity, D.C.Code § 12–309 permits a written police report meeting specific requirements to substitute as the statutorily required notice before a lawsuit may be brought against the District. Although the situation in this case would not satisfy the notice requirement under § 12–309, *see District of Columbia v. Dunmore,* 662 A.2d 1356, 1359 (D.C.1995) (section 12–309 "is to be construed narrowly against claimants" because it is in derogation of common law), and Lynn did not allege that she had specifically complained to the police about the treebox's dangerous condition, she did allege that police officers frequented the area. If the treebox was as damaged as she claimed for as long as she claimed, a fact finder could have inferred that the police would have seen it and had sufficient notice of the problem to give rise to the District's duty to correct it. We reiterate that the evaluation of the factual circumstances regarding the question of constructive notice varies in each case. Thus the nature and duration of existing conditions, as well as other pertinent cir-

---

1. The deposition transcript reads:

Q: But you don't know if it was that deep the day before, is that right?
A: The day before.
Q: Do you know if it was?
A: Yeah, it was that deep the day before.

Q: It was that deep the day before?
A: Yeah.
Q: Okay. What about the week before, do you know if it was that deep the week before?
A: No, I can't say.

cumstances, should be considered. We therefore conclude that appellant presented a genuine issue of material fact on this question.

### B. Contributory Negligence

The second basis given by the trial judge for granting summary judgment was that appellant was contributorily negligent as a matter of law. A claimant who is contributorily negligent is completely barred from recovery. *George Washington Univ. v. Waas*, 648 A.2d 178, 180 (D.C.1994) (citing *Sinai v. Polinger Co.*, 498 A.2d 520, 528 (D.C.1985)). The party asserting contributory negligence bears the burden of proving it by a preponderance of the evidence. *Singer v. Doyle*, 236 A.2d 436, 438 (D.C.1967). Determining whether contributory negligence exists requires a detailed examination of the specific facts of the case involved:

> The existence of negligence and contributory negligence are normally questions of fact for the jury, and it is only where the facts are undisputed and, considering every legitimate inference, only one conclusion may be drawn that a trial court may find negligence or contributory negligence as a matter of law.

*D.C. Transit System, Inc. v. Harris*, 284 A.2d 277, 279 (D.C.1971) (citations omitted). "Only in exceptional cases is evidence so clear and unambiguous that contributory negligence should be found as a matter of law." *Tilghman v. Johnson*, 513 A.2d 1350, 1351 (D.C.1986) (citations omitted).

"Ordinarily a person may use the street so long as it is consistent with reasonable care to do so ...." *Altemus v. Talmadge*, 61 App. D.C. 148, 150, 58 F.2d 874, 876 (1932). That a person knows of a potential dangerous condition does not, itself, show contributory negligence. *See Safeway Stores, Inc. v. Stevens*, 197 A.2d 849, 849 (D.C.1964); *Willis v. Stewart*, 190 A.2d 814, 817 (D.C.1963); *Altemus, supra*, 61 App. D.C. at 150, 58 F.2d at 876. Rather, "[t]he decisive question [is] whether her conduct was reasonable under all the circumstances." *Willis, supra*, 190 A.2d at

817 (footnote omitted); *see also Safeway Stores, supra*, 197 A.2d at 849.

Nor is the existence of an alternate route alone sufficient to show contributory negligence. *See Martin v. George Hyman Constr. Co.*, 395 A.2d 63, 75 (D.C.1978); *Lyons, supra*, 93 U.S.App. D.C. at 280, 214 F.2d at 205. This is especially true where the evidence fails to indicate that this alternative route is less hazardous than the one actually travelled. *Lyons, supra*, 93 U.S.App. D.C. at 280, 214 F.2d at 205. Whether the plaintiff was negligent in choosing not to take an alternate route is generally a question of fact to be presented to the jury. *Martin, supra*, 395 A.2d at 75.

In this instance, the District has shown that appellant knew of the eroded condition of the treebox prior to May 1, 1992. That alone, however, is not enough to find contributory negligence as a matter of law. *See Safeway Stores, supra*, 197 at 849; *Willis, supra*, 190 A.2d at 817; *Altemus, supra*, 61 App. D.C. at 150, 58 F.2d at 876.

In considering the surrounding circumstances, appellant stated that she was walking with her four young children, and was concerned for their safety. For that reason, she sought to keep her body between her children and the street. Her concern for her children comprises part of the circumstances the jury must assess in determining whether Lynn exercised reasonable care. *See Safeway Stores, supra*, 197 A.2d at 849; *Willis, supra*, 190 A.2d at 817.

While the District has shown that an alternate route was available, appellant presented evidence that the alternate route was also hazardous. Both appellant and Capers stated that the northwest corner of F Street was cracked and deteriorated, and littered with gravel, loose stones, and debris. Further, Capers testified that one year prior to this incident, she had fallen on the loose stones and

gravel on the northwest corner.[2] Thus, appellant presented a genuine issue of fact concerning contributory negligence.

## IV.  CONCLUSION

Under these circumstances, we find the grant of summary judgment to be error. Whether the District had constructive notice, and whether appellant was contributorily negligent, were factual issues material to the case and genuinely disputed. We therefore reverse the trial court's decision, and remand the case for further proceedings consistent with this opinion.

*Reversed and remanded.*

2.  In her deposition, Capers states, "In 1991, the year before my mother had this accident, I twisted my ankle pretty badly in stepping onto the curb at the *northwest corner* of that intersection, because of the accumulation there of loose stones and gravel along the curb, in the crosswalk" (emphasis added). Appellant, however, fell at the *southeast corner* of the intersection.  Capers did not injure herself, therefore, at the very spot Lynn did.