**WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,**
Appellant,

v.

Karen **FERGUSON**, Appellee.

No. 08–CV–668.

District of Columbia Court of Appeals.

Argued June 24, 2009.
Decided Aug. 6, 2009.

Janice L. Cole, Associate General Counsel, with whom Carol B. O'Keeffe, General Counsel, and Mark F. Sullivan, Deputy General Counsel, were on the brief, for appellant.

Victor E. Long, Washington, DC, for appellee.

Before REID, FISHER, and OBERLY, Associate Judges.

OBERLY, Associate Judge:

Karen Ferguson brought a negligence suit against the Washington Metropolitan Area Transit Authority, alleging that she fell on a broken tree grate at a Metro station operated by WMATA. A jury found for Ferguson. Although we do not lightly disturb jury verdicts, we agree with WMATA that the evidence at trial was insufficient as a matter of law to put WMATA on actual or constructive notice that the tree grate was broken. Accordingly, we reverse the trial court's denial of WMATA's motion for judgment as a matter of law, and remand the case to the trial court with instructions to enter judgment for WMATA.

## I. Facts and Procedural History

It was sometime between one and two o'clock in the afternoon on a beautiful, windy November day, and Karen Ferguson, a 46 year-old woman living in Southeast D.C., was returning home after a morning spent running errands. To get home, Ferguson had to switch buses at the Anacostia Metrorail Station. As Ferguson arrived at the station, she saw the bus that she had hoped to catch. So, Ferguson testified, not wanting "to miss [the] bus," she began "briskly walking ... [a]t a fast pace for somebody [her] age" toward the bus.

Then, as Ferguson put it, "[n]ext thing I know I was on my face." Ferguson testified: "I really didn't know what happened. I just know I was on the ground." Elaborating, Ferguson said that she "felt [her left] foot shift" in response to what she "felt was like uneven payment." Ferguson testified that at "the time that [she] fell ... [she] turned around and looked"—at which point she saw that "a piece" or a "section" of a tree grate, which was "covered with a lot of leaves," was "missing." Ferguson conceded that she did not know how long the grate had been broken at the time that she fell on it.

Linwood West, the superintendent for the Grounds Maintenance and Custodial Services Branch at WMATA, testified that WMATA "[did not] do repairs to tree grates." West did agree that if WMATA "were made aware that [a grate] was damaged or broken, we would of course remove that out of it from its place." West explained that "[t]ree grates come as part of the station design. And when they're installed, actually they're installed, that's it. We don't do repairs to them." And because WMATA "[did] not do maintenance or repair of those grates," West continued, "there [was] no record" of such repairs. Later in his testimony, West sug-

gested an additional reason for the lack of records—namely, that he felt that maintaining such records was overly burdensome. As West put it, "[i]f [a grate] was damaged and removed we would not have a record of such, because it is not the type [of] records management that we do. It's along the line of maybe like replacing [a] light bulb in the station, we don't document every maintenance activity that transpires.... If we were to maintain such records, it would just be voluminous, we would just have so many records."

The last witness to testify was Raymond Jones, the street supervisor assigned to Anacostia Station at the time of Ferguson's accident and the person who called the ambulance to respond to Ferguson. On cross-examination, Ferguson's counsel asked Jones: "Isn't it a part of what your duties are to look around the station on a daily basis to make sure there are no hazards, such as broken tree grates?" Jones responded: "It's my duty to monitor the station, yes."

WMATA moved for judgment as a matter of law at the close of plaintiff's case and at the close of all the evidence, and the court denied both motions. After the jury returned a verdict for Ferguson, WMATA renewed its motion for judgment as a matter of law. The trial court denied that motion as well, and WMATA filed a timely notice of appeal.

## II. Discussion

### A. Standard of review.

"Judgment as a matter law may be properly granted where 'there is no legally sufficient evidentiary basis for a reasonable jury to find for a party' on an issue. Super. Ct. Civ. R. 50(a)(1). This court considers *de novo* whether the evidence was sufficient to go to the jury. The record must be viewed in the light most favorable to the non-moving party, who is

entitled to the benefit of every reasonable inference from the evidence. It is the responsibility of the jury (and not the judge) to weigh the evidence and to pass upon the credibility of witnesses. If impartial triers of fact could reasonably find the plaintiff's evidence sufficient, the case may not be taken from the jury. Therefore, the question for this court is whether a reasonable juror could have properly reached a verdict in favor of Ms. [Ferguson]." *Wilson v. Washington Metro. Area Transit Auth.*, 912 A.2d 1186, 1188–89 (D.C.2006) (most internal quotation marks, citations, and alterations omitted).

### B. Analysis.

■■■ In her Complaint, Ferguson alleged that WMATA acted negligently "by, among other things, failing to properly maintain and fix the numerous broken WMATA metal grate tree boxes in the area, and by allowing the broken metal grate tree boxes to remain broken and covered by leaves." "The elements of a cause of action for negligence are a duty of care owed by the defendant to the plaintiff, a breach of that duty by the defendant, and damage to the interests of the plaintiff, proximately caused by the breach." *Mixon v. Washington Metro. Area Transit Auth.*, 959 A.2d 55, 58 (D.C.2008) (internal quotations omitted). Ferguson does not dispute that WMATA "cannot be held liable" for Ferguson's injuries "unless [WMATA had] actual or constructive notice" that the tree grate on which Ferguson fell was broken. *Lynn v. District of Columbia*, 734 A.2d 168, 170 (D.C.1999)

(per curiam); *see also Mixon*, 959 A.2d at 60; *Wilson*, 912 A.2d at 1190; *District of Columbia v. Shannon*, 696 A.2d 1359, 1364 (D.C.1997). Because there was no such evidence, the verdict for Ferguson cannot stand.[1]

We begin with actual notice. Ferguson argues that "WMATA likely had actual notice" that the tree grate was broken because "[a] large, heavy piece of a tree box does not blow away in the wind." Therefore, Ferguson reasons, given WMATA's concession that it would remove tree grates that it knew to be broken, the "only reasonable conclusion that the jury could reach was that a WMATA employee removed the piece, thereby putting WMATA on notice of the dangerous condition."

We cannot go along with this argument. Although one can speculate at length, Ferguson failed to present any *evidence* that would allow one to know, rather than to speculate and "draw impermissible inferences," *Wilson*, 912 A.2d at 1190, as to whether the broken piece of the tree grate was removed by a WMATA employee, a responsible person walking by, or in some other manner entirely. *See also McFarland v. George Washington Univ.*, 935 A.2d 337, 359 (D.C.2007) ("Our review is 'disciplined by the consideration that where plaintiff's evidence invites the jury to speculate as to negligence or causation a directed verdict is properly granted.'") (quoting *Jimenez v. Hawk*, 683 A.2d 457, 461 (D.C.1996)). Thus, the jury had no legal basis for finding that WMATA had actual notice that the tree grate was broken.[2]

---

1. Because we agree with WMATA's notice argument, we need not address WMATA's claim that Ferguson failed to adduce sufficient evidence of causation. Nor do we discuss WMATA's argument that the trial court erred by questioning policy determinations that were made by WMATA and which WMATA says are shielded from review by sovereign immunity.

2. Ferguson complains that WMATA's failure to keep records of what it did with respect to broken tree grates prevents her from introducing evidence that WMATA had actual notice that the tree grate was broken. But, unlike in *Washington Metro. Area Transit Auth. v. Jeanty*, 718 A.2d 172, 178 (D.C.1998), there is no evidence that WMATA "missed

Ferguson also contends that WMATA had constructive notice of the broken tree grate. "In order to prove constructive notice," Ferguson was required to present evidence that the tree grate was broken "for such a duration of time that [WMATA] should have been aware of" it being broken if WMATA "had exercised reasonable care." *Lynn*, 734 A.2d at 171 (internal citations omitted). Our cases make clear that the fact that a defect exists is not sufficient in and of itself to provide constructive notice of that defect to the entity that maintains the property. *See Wilson*, 912 A.2d at 1190.

■ Under a straightforward application of this established law, it is plain that there was insufficient evidence at trial that WMATA had constructive notice that the tree grate on which Ferguson fell was broken. Ferguson points out that Jones, the WMATA employee who called an ambulance for Ferguson, agreed that it was his "duty to monitor the station." But this does not establish when Jones monitored the station, or that the tree grate had been broken for a sufficient amount of time to allow WMATA to take corrective measures. It is true that Jones's answer came after Ferguson's counsel asked: "Isn't it a part of your duties . . . to look around the station on a daily basis to make sure there are no hazards, such as broken tree

grates?" But the statements made by Ferguson's counsel cannot provide the missing factual detail because Jones's answer was more narrow than counsel's question. It is elementary that "[t]he questions that the lawyers ask are not evidence" and that "[a] lawyer's question that contains an assertion of a fact does not provide evidence of that fact." STANDARDIZED CIVIL JURY INSTRUCTIONS FOR THE DISTRICT OF COLUMBIA § 2.05 (2008 rev. ed.). For these reasons, this case is unlike *Shannon*, 696 A.2d at 1364, which held that there was sufficient evidence to allow a jury to find that the District was on constructive notice of a defect in a playground slide when two District employees "testified that they conducted regular inspections of the slide" and where the plaintiff "introduced photographic evidence supporting a finding that" the complained-of defect existed "well before the accident." [3]

Finally, Ferguson argues that the Anacostia Station was busy at the time of the accident and claims that the tree grate was made of sturdy material. Likewise, the trial court, in denying WMATA's post-trial motion for judgment as a matter of law, reasoned that the "evidence established that the grate was made of a thick, substantial material such that a juror could reasonably conclude that it was unlikely that it had broken immediately before the

inspections" that WMATA's "own procedures ordained" with respect to the grate. Thus, this case does not implicate *Jeanty's* concern that WMATA not be rewarded for its own wrongdoing.

**3.** Likewise, in Ferguson's other cases there was evidence either of how long the defective condition existed or that the defendant (had it exercised reasonable care) was in a position to learn of the defect at issue. *See Lynn*, 734 A.2d at 171 (evidence that the sidewalk on which plaintiff fell had been defective "for more than a month, and probably for a year" was sufficient to present a triable issue regarding constructive notice) (internal quota-

tion marks and alterations omitted); *Whitehouse v. Safeway Stores, Inc.*, 385 A.2d 755, 755–56 (D.C.1978) (per curiam) (reversing summary judgment for the defendant when the plaintiff alleged that she fell on a broken tile in the floor of a Safeway; regarding notice, the court observed that although there was "no proof at all indicating that the particular tile in question was cracked or broken prior to the accident," there was evidence that "one or two months before, tiles abutting or adjoining that tile had been replaced," and "[t]here also was testimony that other tiles in the general vicinity were crumbling").

accident and moreover was likely to have been broken for some time—days or even longer—by the time of the plaintiff's fall." But the composition of the tree grate does not speak to when the grate broke or that WMATA could have learned of the defect if it had exercised reasonable care. The grate obviously broke at some point; the mere fact that it broke is insufficient to put WMATA on constructive notice that it was broken, *see Wilson,* 912 A.2d at 1190, so one could only speculate as to whether it broke five minutes, five days, or five weeks before Ferguson tripped on it. Therefore, the jury had no legal basis for finding that WMATA was on constructive notice of the alleged defect.

## III.  Conclusion

We reverse the trial court's denial of WMATA's motion for judgment as a matter of law and remand with instructions to enter judgment for WMATA.

*So ordered.*