# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued September 22, 2021       Decided February 11, 2022

No. 20-7087

CAMEROON WHITERU, INDIVIDUALLY AND AS PERSONAL
REPRESENTATIVE OF THE ESTATE OF OKIEMUTE C. WHITERU
AND AGNES WHITERU,
APPELLANTS

v.

WASHINGTON METROPOLITAN AREA TRANSIT AUTHORITY,
APPELLEE

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:15-cv-00844)

———

*Abigail A. Graber* argued the cause for appellants. With
her on the briefs were *Kobie A. Flowers* and *Andrew D.
Freeman*.

*Nimalan Amirthalingam* argued the cause for appellee.
With him on the brief was *Andrew Butz*.

Before: HENDERSON, TATEL, and WILKINS, *Circuit
Judges*.

Opinion for the Court filed by *Circuit Judge* WILKINS.

2

WILKINS, *Circuit Judge*: Cameroon Whiteru, individually and as personal representative of the Estate of Okiemute C. Whiteru, and Agnes Whiteru (the "Whiteru Estate"), alleged that Washington Metropolitan Transit Authority's ("WMATA") negligence resulted in the death of their son, Okiemute Whiteru ("Mr. Whiteru"), a WMATA passenger who sustained grievous injuries after falling in the parapet area of the Judiciary Square Metro Station in Washington, D.C. The Whiteru Estate argued that under the common law of the District of Columbia, WMATA, as a common carrier, breached its duty to render aid to Mr. Whiteru, because WMATA had reason to know that he was injured and needed assistance, but failed to discover him. WMATA moved for summary judgment on the Whiteru Estate's claims based on the affirmative defense of contributory negligence. The District Court granted WMATA's motion for summary judgment, holding that Mr. Whiteru's actions in the station were the proximate cause of his injury, that he was contributorily negligent as a matter of law, and as a result, the Whiteru Estate's negligence claim was completely barred under District of Columbia law, despite WMATA's common carrier duty to render aid. We conclude that the record at summary judgment fails to demonstrate that WMATA is entitled to judgment as a matter of law on the Whiteru Estate's negligence claim. Thus, we reverse the grant of summary judgment to WMATA as to whether Mr. Whiteru's contributory negligence bars the Whiteru Estate's negligence claim, and remand this case to the District Court for further proceedings consistent with this opinion.

**I.**

The evidence at summary judgment, taken in the light most favorable to the Whiteru Estate, showed the following.

*Soundboard Ass'n v. Fed. Trade Comm'n*, 888 F.3d 1261, 1267 (D.C. Cir. 2018).

At about 12:45 a.m. on October 19, 2013, Mr. Whiteru disembarked a train operated by WMATA at the Judiciary Square Metro Station. Mr. Whiteru, who was 35 years old at the time, was heavily intoxicated. Upon exiting the train, he walked up the escalator steps, and at about 12:48 a.m., he exited the "paid area" through a turnstile. A surveillance camera inside the station captured video footage of Mr. Whiteru's conduct up until this point, and he did not appear on camera again until about twenty-two minutes later.

At 1:07 a.m., Mr. Whiteru approached the information kiosk at the mezzanine level of the Judiciary Square station and spoke to Rhonda Brown, the station manager on duty. She helped Mr. Whiteru pass through the turnstile to re-enter the paid area of the station.

At this point, video footage resumed capturing Mr. Whiteru's conduct. He walked down the escalator steps, which were stationary, stumbled on the last few stairs, and fell. Mr. Whiteru lay on his back at the base of the escalator for about three-and-a-half minutes before he regained his footing. He then reached for the parapet wall—which is about three feet high and adjacent to the base of the escalator—and pulled himself up to lean against it. About forty-five seconds later, surveillance footage shows that he turned his body toward the wall, perhaps to sit on it, although the parties disputed below whether Mr. Whiteru was trying to sit on the wall. In any event, at about 1:15 a.m., Mr. Whiteru, while interacting with the parapet wall, lost his balance and fell headfirst over it and into the gap between the parapet wall and the station wall. There is no surveillance video footage of Mr. Whiteru after this point.

Station manager Rhonda Brown, who was supposed to perform a routine inspection of the station platform three times after Mr. Whiteru's fall—at 1:30 a.m., 2:30 a.m., and 3:15 a.m.—had no recollection of conducting those specific inspections, but she signed the station-manager checklist that night, indicating that she had performed the inspections, which are required by WMATA's Station Standard Operations Procedure ("SSOP") manual. The parties disputed below whether station manager Brown actually performed those inspections.

Four days later, on October 23, 2013, a Metro rider found Mr. Whiteru's body. Mr. Whiteru had succumbed to serious injuries he suffered due to the fall, including a spinal fracture. On summary judgment, the parties disputed how long Mr. Whiteru remained alive after the fall, although they agreed that he would have survived his injuries if he had been discovered within fifteen minutes of the fall—at or before 1:30 a.m.

On May 1, 2015, the Whiteru Estate sued WMATA in the Superior Court of the District of Columbia. On June 8, 2015, the case was removed to the U.S. District Court for the District of Columbia. In the amended complaint, the Whiteru Estate alleged that WMATA was liable for negligence under District of Columbia tort law because WMATA failed to investigate, aid, or otherwise respond to Mr. Whiteru—following both his initial fall from the escalator and his fall over the parapet wall. The Whiteru Estate also contended that it was entitled to survivor's damages due to WMATA's negligence under D.C. Code § 12-101, and that WMATA's negligence caused Mr. Whiteru's wrongful death, pursuant to D.C. Code § 16-2701.

On July 19, 2016, WMATA filed its first motion for summary judgment, which the District Court denied. WMATA later filed a supplemental motion for summary judgment to

raise the defense of contributory negligence as a matter of law, and to raise the argument that Mr. Whiteru was negligent *per se* because he was intoxicated, in violation of D.C. Code §§ 25-1001(c) and 25-1001(d). The District Court granted WMATA's supplemental motion for summary judgment, ruling that Mr. Whiteru was contributorily negligent and that this was a complete bar to the Whiteru Estate's recovery on its negligence claim. The Whiteru Estate appeals the District Court's decision.

## II.

The District Court had jurisdiction under 28 U.S.C. § 1332 and we have jurisdiction under 28 U.S.C. § 1291. We review a district court's grant of summary judgment *de novo*, viewing "the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in his or her favor." *Oviedo v. Wash. Metro. Area Transit Auth.*, 948 F.3d 386, 392 (D.C. Cir. 2020) (internal quotation marks and citation omitted). "Rule 56(a) requires a court to 'grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)).

## III.

The Whiteru Estate argues that the District Court erred in granting summary judgment to WMATA on its negligence claim. The Whiteru Estate contends that under District of Columbia common law, which includes Section 314A of the Restatement (Second) of Torts, there is a special relationship between a common carrier and passenger that gives rise to the common carrier's duty to take reasonable steps to render aid to a passenger if it knows or has reason to know that they are injured, regardless of whether the passenger contributed to

their own injury. Blue Br. 7–9. The Whiteru Estate argues that WMATA is not entitled to summary judgment on the negligence claim because there are genuine factual disputes regarding whether WMATA breached its duty to aid Mr. Whiteru after he negligently injured himself. We agree. As explained below, the District of Columbia unambiguously recognizes the special relationship between common carriers and passengers: a common carrier cannot evade liability for negligence if it knows or has reason to know that a passenger is injured, breaches its duty to render aid to the injured passenger, and the passenger's original injuries are aggravated as a result. Indeed, the law provides that a common carrier is liable in this scenario even if the passenger's own negligence caused his initial injuries. We cannot uphold a summary judgment order where a reasonable jury could conclude that WMATA breached such a duty, so we reverse and remand with respect to the Whiteru Estate's negligence claim.

**A.**

Under District of Columbia common law, a plaintiff alleging negligence must establish three elements: (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached that duty; and (3) the defendant's breach proximately caused the plaintiff's harm. *Wash. Metro. Area Transit Auth. v. Ferguson*, 977 A.2d 375, 377 (D.C. 2009).

Importantly, even if a plaintiff establishes the defendant's negligence, "[t]he District of Columbia is one of the few jurisdictions in which the claimant's contributory negligence can act as a complete defense to the defendant's liability for negligence." *Jarrett v. Woodward Bros., Inc.*, 751 A.2d 972, 985 (D.C. 2000). Hence, "[b]ecause this jurisdiction has not adopted comparative negligence, the plaintiff is barred from recovery if his negligence was a substantial factor in causing

his injury, even if the defendant was also negligent, as long as the plaintiff's negligence contributed in some degree to his injury." *Sinai v. Polinger Co.*, 498 A.2d 520, 528 (D.C. 1985) (internal quotation marks omitted).

Contributory negligence is an affirmative defense, and thus it is the defendant's burden "to establish, by a preponderance of the evidence, that the plaintiff failed to exercise reasonable care." *Poyner v. Loftus*, 694 A.2d 69, 71 (D.C. 1997). "Contributory negligence is conduct which falls below the standard to which a plaintiff should conform for his own protection." *Wash. Metro. Area Transit Auth. v. Cross*, 849 A.2d 1021, 1024 (D.C. 2004) (internal quotation marks and citation omitted); *see also Stager v. Schneider*, 494 A.2d 1307, 1311 (D.C. 1985) ("Contributory negligence is the failure to act with the prudence demanded of an ordinary reasonable person under like circumstances."). "Ordinarily, questions of negligence and contributory negligence must be decided by the trier of fact." *Poyner*, 694 A.2d at 71. The court can determine the issue of contributory negligence as a matter of law "[i]n certain cases . . . 'where the facts are undisputed, and conceding every legitimate inference, only one conclusion may be drawn . . . .'" *Blake v. Securitas Sec. Servs., Inc.*, 962 F. Supp. 2d 141, 146 (D.D.C. 2013) (quoting *Wash. Metro. Area Transit Auth. v. Jones*, 443 A.2d 45, 50 (D.C. 1982)).

Notwithstanding contributory negligence, WMATA may not evade liability in this case. District of Columbia law recognizes the special relationship between common carriers and passengers. *Wash. Metro. Area Transit Auth. v. O'Neill*, 633 A.2d 834, 840 (D.C. 1993) ("But where a special relationship exists, such as between a common carrier and its passengers, the carrier undeniably has a duty to protect its passengers from foreseeable harm arising from criminal conduct of others.") (citing Restatement (Second) of Torts §

314A(1)(a), cmts. d, e)).  Indeed, the District of Columbia has explicitly adopted Section 314A of the Restatement.  *O'Neill*, 633 A.2d at 840; *McKethean v. Wash. Metro. Area Transit Auth.*, 588 A.2d 708, 712 (D.C. 1991); *District of Columbia v. Mitchell*, 533 A.2d 629, 644 (D.C. 1987).  During oral argument, WMATA conceded that Section 314A of the Restatement is the law of the District of Columbia.  Oral Arg. Tr. 10:17–22.  In relevant part, Section 314A of the Restatement provides:

> A common carrier is under a duty to its passengers to take reasonable action to protect them against unreasonable risk of physical harm, and to give them first aid after it knows or has reason to know that they are ill or injured, and to care for them until they can be cared for by others.

Restatement (Second) of Torts § 314A(1)(a)–(b) (cleaned up). Section 314A also provides a key illustration, which the Whiteru Estate contends is applicable in this case:

> A, a passenger on the train of B Railroad, negligently falls off of the train, and is injured. The train crew discover that he has fallen off, but do nothing to send aid to him, or to notify others to do so. A lies unconscious by the side of the track in a cold rain for several hours, as a result of which his original injuries are seriously aggravated. B Railroad is subject to liability to A for the aggravation of his injuries.

Restatement (Second) of Torts § 314A cmt. d, illus. 1.

In its briefs, and during oral argument, the Whiteru Estate pointed out that there are genuine disputes of material fact regarding whether WMATA station manager, Rhonda Brown, made her required inspections of the Judiciary Square Metro Station, pursuant to WMATA's SSOP manual. The District Court even acknowledged this key factual dispute and hinted at Section 314A's applicability in its ruling on WMATA's first motion for summary judgment. As the District Court explained:

> Brown's alleged breach of the duty to inspect and thereby discover Whiteru is the linchpin of Plaintiffs' negligence claim—and the key disputed fact—because there is no dispute that, had Brown performed a reasonable inspection (however defined) and discovered Whiteru in his incapacitated state, she would have had a duty to render some form of assistance.

*Whiteru v. Wash. Metro. Area Transit Auth.*, 258 F. Supp. 3d 175, 192 n.11 (D.D.C. 2017) (citing Restatement (Second) of Torts § 314A(1)(b), cmt. d). Hence, Section 314A contemplated the very factual scenario the Whiteru Estate contends exists here: (1) a passenger negligently injures himself; (2) the common carrier knows or has reason to know that the passenger is injured but fails to aid them; and (3) the common carrier is liable to the passenger for the aggravation of their initial injuries.

However, because the District of Columbia has not adopted comparative negligence and is one of the few remaining jurisdictions that retains a contributory negligence defense, *see Jarrett*, 751 A.2d at 985 & n.20, the district court ruled that Section 314A of the Restatement could not overcome Mr. Whiteru's contributory negligence. *Whiteru v. Wash.*

*Metro. Area Transit Auth.*, 480 F. Supp. 3d 185, 194–98 (D.D.C. 2020). This was error. The common law of the District allows for some exceptions to the strict application of contributory negligence. For instance, "[e]ven a contributorily negligent plaintiff may recover if the defendant had the 'last clear chance' to avoid the injury." *Asal v. Mina*, 247 A.3d 260, 271 n.11 (D.C. 2021) (citing *District of Columbia v. Huysman*, 650 A.2d 1323, 1326 (D.C. 1994)). Common carrier liability pursuant to Section 314A of the Restatement is another such exception. On the disputed facts, a reasonable jury could conclude that Rhonda Brown failed to perform the routine inspections, or performed them unreasonably. Under those circumstances, WMATA could be liable for failing to aid Mr. Whiteru because it knew or had reason to know that he was injured. As such, we conclude that the District Court erred when it ruled that WMATA's contributory negligence defense was a complete bar to the Whiteru Estate's negligence claim.

We also reject WMATA's reliance on the decisions in *Washington Metropolitan Transit Authority v. Cross*, *Andrews v. Wilkins*, and *Fells v. Washington Metropolitan Transit Authority* because they are all inapposite to this case. *See Wash. Metro. Area Transit Auth. v. Cross*, 849 A.2d 1021 (D.C. 2004); *Andrews v. Wilkins*, 934 F.2d 1267 (D.C. Cir. 1991), *abrogated on other grounds by Atchinson v. District of Columbia*, 73 F.3d 418 (D.C. Cir. 1996); *Fells v. Wash. Metro. Area Transit Auth.*, 357 A.2d 395 (D.C. 1976). In *Fells* and *Cross*, bus passengers suffered injuries after they negligently attempted to change seats while the bus was in motion. *Fells*, 357 A.2d at 395–96; *Cross*, 849 A.2d at 1023–25. There was no evidence in either case that the common carrier neglected its duty to render aid after the passenger's fall, such that the passenger's initial injuries were aggravated. *Fells*, 357 A.2d at 395–36; *Cross*, 849 A.2d at 1023–25. Furthermore, the *Andrews* case involved the death of an individual who drowned

in the Washington Channel while fleeing the police to evade arrest; it did not concern the duty of common carriers at all. *See Andrews*, 934 F.2d at 1272. In sum, none of these rulings implicate or address Section 314A of the Restatement because none involved the common carrier's duty to render aid after it knew or had reason to know that a passenger negligently injured himself.

**B.**

WMATA also argued on summary judgment that Mr. Whiteru was contributorily negligent *per se* because he was intoxicated, in violation of D.C. Code §§ 25-1001(c) and 25-1001(d). Under the D.C. Code, a person violates subsection 25-1001(c) by being "intoxicated and endanger[ing] the safety of himself." D.C. Code § 25-1001(c). A violation of subsection (c) is a misdemeanor. *Id.* § 25-1001(d). WMATA argued that Mr. Whiteru's negligence *per se* was the proximate cause of his death but the District Court declined to address WMATA's negligence *per se* argument because it concluded that Mr. Whiteru was contributorily negligent as a matter of law. *Whiteru*, 480 F. Supp. 3d at 192–98. On appeal, WMATA contends that Mr. Whiteru's *per se* contributory negligence provides alternative grounds for affirmance of the District Court's ruling. We disagree. Because, as described above, contributory negligence cannot bar recovery here, neither can contributory negligence *per se*.

**IV.**

In short, the summary judgment record reflects that there were genuine disputes of material fact. A reasonable jury could have concluded that WMATA breached its duty to render aid to Mr. Whiteru after he fell over the parapet wall, that WMATA's breach aggravated his injuries, and that his

conceded contributory negligence does not bar the Whiteru Estate's recovery on its negligence claim against WMATA.

For the foregoing reasons, the judgment of the District Court is reversed and the case is hereby remanded for further proceedings consistent with this opinion.

*So ordered.*